In the Matter of the Judicial Settlement of the Account of MARIA B. MOEHRING, as Executrix of WILLIAM G. MOEHRING Executor of SOPHIE MOEHRING, Deceased.

MARIE HILL, Appellant; MARIA B. MOEHRING, as Executrix, et al., Respondents.

1. POWERS — PERSONAL PROPERTY. The provisions of the Revised Statutes in regard to powers apply as well to powers concerning personal property as to those affecting real estate.

2. WILL — BEQUEST CONFERRING ABSOLUTE POWER OF DISPOSITION. A residuary bequest of personal property to one "absolutely during her lifetime, with the right to dispose of it at her death as she may deem fit," confers an absolute power of disposition, and as no remainder is limited upon the property the grantee takes an absolute title.

3. EXECUTOR OF DECEASED EXECUTOR — ACCOUNTING — DELIVERY OF PROPERTY. The power conferred upon the Surrogate's Court by section 2606 of the Code of Civil Procedure, in connection with section 2603, to compel an executor of a deceased executor to account for unadministered money or property of the first estate in his hands and to pay and deliver the same to the Surrogate's Court, or to his successor in office, or to "such other person as is authorized by law to receive the same," does not require the surrogate to direct payment or delivery to a legatee under the will of the first testator.

4. PERSON AUTHORIZED BY LAW TO RECEIVE. The phrase "such other person as is authorized by law to receive the same," does not include legatees or creditors of the first testator, to whom the property will ultimately belong, but relates to such other person as is authorized by law to receive the unadministered property of the first estate for the purpose of administration.

5. EXECUTOR OF EXECUTOR CANNOT DISTRIBUTE. While, under section 2606 of the Code, an executor of a deceased executor can be required to

deliver property in his hands to the Surrogate's Court or to a representative of the first estate, he cannot be required to act as a representative of that estate in distributing its unadministered assets.

*Matter of Moehring,* 19 App. Div. 629, affirmed.

(Argued November 22, 1897; decided November 30, 1897.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 23, 1897, affirming a decree of the Surrogate's Court of the city and county of New York.

The decree settled the account of Maria B. Moehring, as executrix of William G. Moehring, and directed the funds in her hands belonging to the estate of Sophie Moehring to be paid over to the chamberlain of the city of New York, unless an administrator with the will annexed of that estate should be appointed within sixty days.

In this proceeding the appellant made an application for an order or decree directing the payment to her of the portion of the estate remaining in the hands of the executrix. That application was denied. The appellant appealed to the Appellate Division from so much of the decree as denied her application, and the decision of the surrogate was affirmed.

The proceeding was first inaugurated by the petition of the appellant, upon which a citation was issued to Maria B. Moehring, as executrix of William G. Moehring, requiring her to show cause why she should not account for the property which came into her hands belonging to the estate of which her testator was executor, and why a decree should not be made, directing her to deliver it to the appellant as residuary legatee under the will of Sophie Moehring, deceased.

Subsequently, as such executrix, she presented a petition for a voluntary accounting in relation to the property in her hands belonging to that estate. Thereupon a citation was issued directed to all the persons interested in the estate to attend her judicial settlement as executrix of her testator. Upon a return of the citation first issued, the proceeding was adjourned until the return of the citation issued upon the

second petition, when the two proceedings were merged and continued as one.

Sophie Moehring, who was a resident of the city of New York, died December 23, 1885, leaving a last will and testament which, after making certain specific bequests, contained the following residuary clause: "I give and bequeath to my youngest daughter, Marie Moehring, all the rest of my property, both real and personal, of whatever nature, my investments, bonds, etc., all my wearing apparel, my diamonds and all other jewelry belonging to me, absolutely during her lifetime, with the right to dispose of it at her death as she may deem fit."

This will was admitted to probate by the surrogate of the city and county of New York on the twenty-fifth of February, 1886, and letters testamentary were duly issued to William G. Moehring, the executor named therein, who thereupon entered upon the discharge of his duties as such. Marie Hill was the daughter of the testatrix, and was mentioned in the will as Marie Moehring.

The executor collected the assets, paid all the debts of the estate and all the legacies, except the residuary legacy to the appellant. On the eighteenth of July, 1892, he filed his account with the surrogate and petitioned for a judicial settlement thereof. Such proceedings were subsequently had that his account was finally settled by the surrogate December 10, 1892. The order or decree settling it adjudged, among other things, that the executor should retain in his hands the securities in which the residuary estate was invested which amounted to the sum of $12,800. The securities were retained by the executor until his death, and the interest and income therefrom were paid to the appellant.

William G. Moehring died on the twentieth day of April, 1896, leaving a last will and testament, which was duly admitted to probate, and letters testamentary were issued thereon to Maria B. Moehring April 24, 1896. The portion of the estate of Sophie Moehring, which was unadministered at that time, came into her hands as such executrix. Since

the death of William G. Moehring no administrator, with the
will annexed, or other representative of the estate of Sophie
Moehring, has been appointed. After his death and up to the
time of the trial, the income of that estate has been paid to
the appellant by the executrix. The appellant demanded of
her that she turn over to her all the securities in her hands
belonging to the estate of Sophie Moehring, which she
declined to do, upon the ground that she was not authorized
to make such a transfer without the order of a court of com-
petent jurisdiction.

*Frederick E. Perham* and *Jacob Steinhardt* for appellant.
The petitioner, Marie Hill, is the absolute owner of the fund
in the hands of Maria B. Moehring, as executrix, etc. (1 R.
S. 732, 733, §§ 77, 79, 81, 83, 84; *Deegan* v. *Wade*, 144 N. Y.
573; *Hume* v. *Randall*, 141 N. Y. 499; *Cutting* v. *Cutting*, 86
N. Y. 522; *N. Y. L. Ins. & T. Co.* v. *Livingston*, 133 N. Y.
125; *Brown* v. *F. L. & T. Co.*, 51 Hun, 386; 117 N. Y.
266.) The surrogate should have directed that the account-
ing executrix pay over the fund now in her hands to the
petitioner, Marie Hill. Ample authority for such a direction
is found in section 2606 of the Code of Civil Procedure.
(*In re Wiley*, 119 N. Y. 642; *Popham* v. *Spencer*, 4 Redf.
399; *Spencer* v. *Popham*, 5 Redf. 425; L. 1884, ch. 399;
*Crawford* v. *Crawford*, 5 Dem. 37; *In re Coman*, 15 N. Y.
S. R. 442; L. 1891, ch. 175; Code Civ. Pro. § 2514; *Pren-
tiss* v. *Weatherly*, 52 N. Y. S. R. 80.) The order is properly
appealable to this court. (Code Civ. Pro. §§ 190, 2550, 3333,
3334.)

*William A. Woodworth* for respondents.

MARTIN, J. The facts in this case are undisputed. The
only question involved is whether the appellant was entitled
to an order or decree directing the payment or transfer to her
of the funds or securities in the hands of the executrix belong-
ing to the estate of Sophie Moehring, deceased. That ques-
tion depends for its solution upon two propositions: *First,*

whether, under the will of Sophie Moehring, the appellant acquired an absolute title to the residuary estate, and, if so, *second*, whether the surrogate was required to make a decree directing the transfer and delivery of the property to her.

By her will Sophie Moehring bequeathed to the appellant for life the residue of her estate, with power to dispose of it at her death as she might deem fit. The power thus conferred was a general and beneficial one. It was an absolute power of disposition, and as no remainder was limited upon the property the grantee took an absolute title. (*Hume v. Rundall*, 141 N. Y. 499; *Deegan v. Wade*, 144 N. Y. 573, 578.) The cases cited related to real estate and were based upon the provisions of the Revised Statutes as to powers. But the same principle applies to a grant or bequest of personal property. The rule of the common law was abrogated by the statute which abolished powers as they then existed. When the legislature adopted the Revised Statutes it intended to make the article with regard to powers a complete and exclusive code upon the subject, and that article is applicable as well to powers concerning personal property as to those affecting real estate. (*Cutting v. Cutting*, 86 N. Y. 522; *Hutton v. Benkard*, 92 N. Y. 295; *N. Y. L. Ins. & T. Co. v. Livingston*, 133 N. Y. 125; *Mills v. Husson*, 140 N. Y. 99, 105; *Cochrane v. Schell*, 140 N. Y. 534.) Hence, it is obvious that the appellant took an absolute title to the residuary estate which was in the hands of the executrix of William G. Moehring when this proceeding was instituted.

Thus, we are brought to the consideration of the question of the appellant's remedy. She was entitled to the property, but whether in this proceeding it could be awarded to her is a more serious question. This proceeding was based upon the provisions of section 2606 of the Code of Civil Procedure. It is upon its provisions that the appellant exclusively relies for authority in the Surrogate's Court to make a decree transferring the property to her.

That section provides: "Where an executor * * * dies, the Surrogate's Court has the same jurisdiction, upon the peti-

tion of his successor, or of a surviving executor  \*  \*  \*  or person interested in the estate,  \*  \*  \*  to compel the executor  \*  \*  \*  of the decedent to account, which it would have against the decedent if his letters had been revoked by a surrogate's decree. And an executor  \*  \*  \*  of a deceased executor  \*  \*  \*  may voluntarily account for any of the trust property which has come to his possession, and upon his petition such successor or surviving executor, administrator,  \*  \*  \*  or other necessary party shall be cited and required to attend such settlement.  \*  \*  \*  The Surrogate's Court has also jurisdiction to compel the executor  \*  \*  \*  at any time to deliver over any of the trust property which has come to his possession or is under his control, and if the same is delivered over after a decree, the court must allow each credit upon the decree as justice requires."

It is to be observed that the Surrogate's Court has the same jurisdiction to compel the executor to account which it would have against the decedent if his letters had been revoked by a surrogate's decree. When section 2603 of the Code is examined, it is found that, in such a case, the decree may, in the discretion of the surrogate, require the executor to account for all the money and other property received by him, and to pay it into the Surrogate's Court or to his successor in office, or to such other person as is authorized by law to receive the same. Reading the provisions of that section into section 2606, it appears that where an executor dies, the Surrogate's Court has jurisdiction to compel his executor to account for all money or property in his hands and to pay and deliver the same into the hands of the Surrogate's Court, or to his successor in office, or to such other person as is authorized by law to receive the same.

Hence, it seems to be discretionary with the surrogate whether he shall require an executor to account and pay and deliver the property in his hands to the Surrogate's Court, or to deliver it to his successor in office, or to such other person as is authorized by law to receive the same. In this case the surrogate, in the exercise of that discretion, directed the prop-

erty to be paid into the Surrogate's Court, unless a representative of the estate of Sophie Moehring was appointed within sixty days from the granting of the decree.    We think he was authorized to make the decree appealed from, and that there was no error in his refusing to direct the payment and delivery to the appellant of the money and property in the hands of the executrix.

It is perhaps unnecessary in this case to determine what effect should be given to the words, " or to such other person as is authorized by law to receive the same," contained in section 2603.    That this provision was intended to confer upon the Surrogate's Court jurisdiction to direct an executor of an executor to distribute the estate of the testator of the latter among the persons entitled to it, is, to say the least, extremely · doubtful.

Whatever may have been the common law upon the subject, we think in this state an executor of an executor is not authorized to administer the estate of the first testator.    The Revised Statutes provided : " No executor of an executor, shall, as such, be authorized to administer on the estate of the first testator ; but on the death of the sole or surviving executor of any last will, letters of administration with the will annexed, of the assets of the first testator left unadministered, shall be issued in the manner and with the authority hereinafter provided."    (2 R. S. part 2, ch. 6, tit. 2, art. 1, § 17.)    Although this section was repealed by chapter 245 of the Laws of 1880, still the material part of its provisions was carried into and made a part of section 2643 of the Code of Civil Procedure. That section in effect provides that if, at any time by reason of death, there is no executor or administrator with the will annexed, qualified to act, the surrogate *must*, upon the application of a creditor of the deceased or a person interested in the estate, issue letters of administration with the will annexed. (See, also, section 2693.)    Upon the death of an executor, it becomes the imperative duty of the surrogate, on the application of a person interested in the estate, to appoint a representative to administer the assets of the testator left unadmin-

istered. We think it is quite clear that the legislature intended to prohibit the executor of an executor from administering the assets of an estate which came into his hands, and that there is nothing in section 2606 which indicates a contrary purpose.

That the general purpose of that section was to call an executor of an executor to account for the money or property belonging to the first estate which comes into his hands, and to require him to pay and deliver it over to a legal representative of that estate, there can be little doubt. The provisions of that section are general, and obviously they were intended to apply to all cases where an executor dies leaving an estate wholly or partially unadministered, in whatever stage his administration may be when his death occurred. If, in a case like this, a surrogate is authorized to direct the executor of an executor to pay and deliver the property in his hands over to the legatees under the first will, it would seem to follow that he might authorize such an executor to perform any other acts of administration necessary to the settlement of an estate which came into his hands by the death of his immediate testator, and thus contravene the manifest intent and purpose of the provisions to which we have referred. We do not think the phrase, "such other person as is authorized by law to receive the same," includes legatees or creditors to whom the property will ultimately belong, but that this provision should be construed as relating to such other person as is authorized by law to receive it for the purpose of administration.

Obviously the main purpose of section 2606 is to authorize a surrogate, upon the application of a person interested in the estate, to take such action as may be necessary for its protection and preservation until it is placed in the hands of a legal representative for distribution and settlement. A legatee, devisee or creditor cannot be said to be authorized by law to receive such an estate in whole or in part until it is fully administered by a proper representative. Under this statute no one was authorized to receive this property except a legal representative of the estate. That portion of the estate which was unadministered could only be admin-

istered by a representative of the first estate, and the appellant was entitled to the possession of her legacy only when, in the due course of the administration of that estate, it was paid or directed to be paid to her.

The appellant cites *Matter of Wiley* (119 N. Y. 642) and *Matter of Clark* (Id. 427) as sustaining her right to the decree which she sought. In those cases section 2606 was somewhat considered, and it was in substance held that that section conferred upon the surrogate jurisdiction upon the death of an executor to require his executor to account for and deliver over the trust estate precisely as if the letters of the deceased executor had been revoked in his lifetime and he had been called upon to deliver up the assets, and that his representative stands in his place for the purpose of such accounting and delivery. Those cases are not in conflict with the conclusion we have reached, but rather sustain it. That the executrix in this case might be required to deliver the property in her hands to the court or a representative of the principal estate is not and cannot be denied. But that she might be required to act as a representative of the first estate in distributing the unadministered assets is quite another thing and finds no sanction in the cases cited. The appellant was a person interested in the estate, and, therefore, entitled to inaugurate this proceeding. But that the surrogate was required to direct the executrix to deliver the property in her hands to the appellant without further administration we do not believe.

Therefore, we are of the opinion that, while the appellant holds the absolute title to the residuary estate under the provisions of the will of Sophie Moehring, yet she is not entitled to the possession of it until a representative of that estate is appointed, and that the Surrogate's Court was justified in declining to order its payment and delivery to her.

The order or decree appealed from should be affirmed, with costs to both parties, payable out of the funds.

All concur (VANN, J., upon the first two points, and O'BRIEN, J., in result).

Order affirmed.