In the Matter of the Judicial Settlement of the Account of JOSEPH W. HICKS, as Executor, etc., of JOHN R. REMSEN, Deceased.

JOSEPH W. HICKS, as Executor, etc., of JOHN R. REMSEN, Deceased, Appellant; CARRIE A. E. TOWNSEND, Respondent.

*Executor of a deceased guardian — form of the order directing him to pay over the fund on the ward's attaining majority.*

An order made by a surrogate, in the exercise of the authority conferred upon him by section 2606 of the Code of Civil Procedure, requiring the executor of a deceased general guardian to pay over a fund belonging to the ward, who has attained her majority, should not direct the executor to transfer the fund directly to the ward without providing for the payment of claims against the fund, but should direct it to be paid into the Surrogate's Court as permitted by section 2603 of the Code of Civil Procedure, to be there disposed of as justice may require.

APPEAL by Joseph W. Hicks, as executor, etc., of John R. Remsen, deceased, from an order of the Surrogate's Court of the county of Queens, entered in said Surrogate's Court on the 13th day of April, 1900, directing him to pay to Carrie A. E. Townsend or her attorney the sum of $2,130.11, the amount remaining unpaid on a judgment recovered by her against the said Joseph W. Hicks, as executor, etc., of John R. Remsen, deceased.

*Clarence Edwards*, for the appellant.

*Edward V. Slauson*, for the respondent.

WILLARD BARTLETT, J.:

The order appealed from was expressly made in the exercise of the authority conferred upon the Surrogate's Court by section 2606 of the Code of Civil Procedure.

Carrie A. E. Townsend, the respondent in this proceeding, was the only child of Thomas B. Remsen, who died intestate when she was less than seven years old. His brother, John R. Remsen, became his administrator and also the general guardian of the respondent. On January 23, 1872, the accounts of John R. Remsen as such administrator were finally settled by a decree of the Surrogate's Court of Queens county, which adjudged that there was a balance of $2,726.81 in the administrator's hands, and which

directed him to retain that amount as the general guardian of Carrie A. E. Remsen (now Townsend), the above-named minor.

This decree of January 23, 1872, is the foundation of the present proceeding. John R. Remsen died without ever having paid over to his ward the amount with which he thus became chargeable as her guardian. His ward has attained her majority, and is now a married woman. She filed a claim against his estate, which was disputed by his executor, Joseph W. Hicks, the appellant, and was duly referred under the statute. The referee reported in her favor, and upon his report a judgment for $2,230 was entered in the Supreme Court on October 9, 1896. Upon this judgment Mrs. Townsend made application to the Surrogate's Court and obtained the order under review.

Section 2603 of the Code of Civil Procedure provides that a decree revoking letters testamentary, letters of administration or letters of guardianship may, in the discretion of the surrogate, require the executor, administrator or guardian, as the case may be, " to account for all money and other property received by him; and to pay and deliver over all money and other property in his hands into the surrogate's court, or to his successor in office, or to such other person as is authorized by law to receive the same." Under section 2606 the Surrogate's Court possesses the same jurisdiction to compel the executor or administrator of a deceased executor, administrator or guardian to account; and in a case of guardianship this jurisdiction may be exercised at the instance of the ward of the deceased guardian. The final clause of section 2606 is in these words: " The surrogate's court has also jurisdiction to compel the executor or administrator at any time to deliver over any of the trust property which has come to his possession or is under his control, and if the same is delivered over after a decree, the court must allow such credit upon the decree as justice requires."

The evidence before the surrogate in this proceeding showed that the appellant, as the executor of John R. Remsen, had received assets more than sufficient to pay to the respondent the amount of the trust fund which had come into the hands of John R. Remsen as her guardian. Under the final clause of section 2606 it seems to me that there can hardly be any question that the Surrogate's Court could properly direct the administrator of the deceased guardian to

deliver over to some one else the property of the ward ; but there is
some doubt as to whether the order under such circumstances should
compel a transfer directly to the ward, or should provide for the
payment of the fund to a successor in the guardianship, or to the
Surrogate's Court itself.

In *Matter of Moehring* (154 N. Y. 423) the Court of Appeals
was called upon to consider the several provisions to which refer-
ence has been made in sections 2603 and 2606 of the Code of Civil
Procedure, and the conclusion was reached that the general purpose
of these provisions was to require the personal representative of the
deceased to account for the money or property belonging to the first
estate which comes into his hands, and to require him to pay or
deliver the same over to a legal representative of that estate. Under
section 2603 the decree may require payment and delivery of the
money and other property " into the surrogate's court, or to his suc-
cessor in office, or to such other person as is authorized by law to
receive the same." Referring to this provision the Court of Appeals,
speaking through MARTIN, J., say : "We do not think the phrase,
'such other person as is authorized by law to receive the same,'
includes legatees or creditors to whom the property will ultimately
belong, but that this provision should be construed as relating to
such other person as is authorized by law to receive it for the pur-
pose of administration."

It is suggested that this view of the scope and effect of section
2603 of the Code, thus taken by the court of last resort, forbids the
making of an order for the payment of the fund directly to the
ward, although she is of age, and, on the other hand, there would
be no propriety in now appointing a new guardian for her as the
successor of John R. Remsen. There seems to me to be much
force in this suggestion. In cases of this kind it might very well
be that there were claims which ought to be enforced against the
trust fund for the support of the ward during minority, and that
it would be unjust to the holders of such claims to transfer the
fund to the ward without providing for their payment. The
proper course, as indicated by the opinion in the *Moehring* case,
is to require the money to be paid into the Surrogate's Court as
permitted by section 2603, and that tribunal can then control the
further disposition of the fund as justice may require.

I think the order appealed from should be modified, so as to direct the payment of the amount therein mentioned into the Surrogate's Court of Queens county, and that it should be affirmed as thus modified, without costs of this appeal to either party.

All concurred.

Order modified in accordance with opinion of BARTLETT, J., and as modified affirmed, without costs of this appeal to either party.