HICKS v. TOWNSEND.

(Supreme Court, Appellate Division, Second Department.   November 23, 1900.)

GUARDIAN AND WARD—DISPOSITION OF FUND HELD BY DECEDENT AS GUARDIAN.
Under Code Civ. Proc. § 2606, providing that the surrogate's court shall have jurisdiction to compel the executor or administrator of a deceased executor, administrator, or guardian to account, and that in case of a guardianship the jurisdiction may be exercised at the instance of the ward of the deceased guardian, and that the court shall also have jurisdiction to compel the executor or administrator to deliver over any of the

trust property which has come into his possession or under his control, the surrogate's court cannot properly direct the executor of a deceased guardian to pay over the trust fund directly to the ward, though she has reached her majority, but should direct the payment of the fund into the court, the further disposition thereof to be controlled by that body.

Appeal from order of surrogate, Queens county.

From an order directing Joseph W. Hicks, as executor of John R. Remson, deceased, to pay over to Carrie A. E. Townsend a part of a fund with which John R. Remson was chargeable as guardian of Carrie A. E. Townsend, he appeals. Order modified so as to direct the payment of the amount into the surrogate's court of Queens county, and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Clarence Edwards, for appellant.
Edward V. Slauson, for respondent.

WILLARD BARTLETT, J. The order appealed from was expressly made in exercise of the authority conferred upon the surrogate's court by section 2606 of the Code of Civil Procedure. Carrie A. E. Townsend, the respondent in this proceeding, was the only child of Thomas B. Remson, who died intestate when she was less than 7 years old. His brother, John R. Remson, became his administrator, and also the general guardian of the respondent. On January 23, 1872, the accounts of John R. Remson as such administrator were finally settled by a decree of the surrogate's court of Queens county, which adjudged that there was a balance of $2,726.81 in the administrator's hands, and which directed him to retain that amount as the general guardian of Carrie A. E. Remson (now Townsend), the above-named minor. This decree of January 23, 1872, is the foundation of the present proceeding. John R. Remson died without ever having paid over to his ward the amount with which he thus became chargeable as her guardian. His ward has attained her majority, and is now a married woman. She filed a claim against his estate, which was disputed by his executor, Joseph W. Hicks, the appellant, and was duly referred under the statute. The referee reported in her favor, and upon his report a judgment for $2,230 was entered in the supreme court on October 9, 1896. Upon this judgment Mrs. Townsend made application to the surrogate's court, and obtained the order under review.

Section 2603 of the Code of Civil Procedure provides that a decree revoking letters testamentary, letters of administration, or letters of guardianship may, in the discretion of the surrogate, require the executor, administrator, or guardian, as the case may be, "to account for all money and other property received by him; and to pay and deliver over all money and other property in his hands into the surrogate's court, or to his successor in office, or to such other person as is authorized by law to receive the same." Under section 2606, the surrogate's court possesses the same jurisdiction to compel the executor or administrator of a deceased executor, administrator, or guardian to account, and, in a case of guardianship, this jurisdiction

may be exercised at the instance of the ward of the deceased guardian. The final clause of section 2606 is in these words:

"The surrogate's court has also jurisdiction to compel the executor or administrator at any time to deliver over any of the trust property which has come to his possession or is under his control, and if the same is delivered over after a decree, the court must allow such credit upon the decree as justice requires."

The evidence before the surrogate in this proceeding showed that the appellant, as the executor of John R. Remson, had received assets more than sufficient to pay to the respondent the amount of the trust fund which had come into the hands of John R. Remson as her guardian. Under the final clause of section 2606, it seems to me that there can hardly be any question that the surrogate's court could properly direct the administrator of the deceased guardian to deliver over to some one else the property of the ward; but there is some doubt as to whether the order under such circumstances should compel a transfer directly to the ward, or should provide for the payment of the fund to a successor in the guardianship, or to the surrogate's court itself. In Re Moehring, 154 N. Y. 423, 48 N. E. 818, the court of appeals was called upon to consider the several provisions to which reference has been made in sections 2603 and 2606 of the Code of Civil Procedure, and the conclusion was reached that the general purpose of these provisions was to require the personal representative of the deceased to account for the money or property belonging to the first estate which comes into his hands, and to require him to pay or deliver the same over to a legal representative of that estate. Under section 2603, the decree may require payment and delivery of the money and other property "into the surrogate's court, or to his successor in office, or to such other person as is authorized by law to receive the same." Referring to this provision, the court of appeals, speaking through Martin, J., say:

"We do not think the phrase, 'such other person as is authorized by law to receive the same,' includes legatees or creditors to whom the property will ultimately belong, but that this provision should be construed as relating to such other person as is authorized by law to receive it for the purpose of administration."

It is suggested that this view of the scope and effect of section 2603 of the Code, thus taken by the court of last resort, forbids the making of an order for the payment of the fund directly to the ward, although she is of age, and there would be no propriety in now appointing a new guardian for her as the successor of John R. Remson. There seems to me to be much force in this suggestion. In cases of this kind it might very well be that there were claims which ought to be enforced against the trust fund for the support of the ward during minority, and that it would be unjust to the holders of such claims to transfer the fund to the ward without providing for their payment. The proper course, as indicated by the opinion in the Moehring Case, is to require the money to be paid into the surrogate's court as permitted by section 2603, and that tribunal can then control the further disposition of the fund as justice may require.

I think the order appealed from should be modified so as to direct

the payment of the amount therein mentioned into the surrogate's court of Queens county, and that it should be affirmed as thus modified, without costs of this appeal to either party. All concur.