### SQUIRE et al. v. BUGBEE et al.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. TRIAL—LEGATEES' ACTION—TRIABLE AT SPECIAL TERM.

A suit by legatees against the representatives of an incompetent person to recover money received by the latter as administrator with the will annexed of the estate was triable at special term, and should not be struck from that calendar and sent to the trial term.

2. ADMINISTRATOR—SUIT BY LEGATEES—INCOMPETENT EVIDENCE— HARMLESS ERROR.

In a suit to recover money alleged to have been received by S., as executor with the will annexed of an estate, the admission of evidence showing that such money was received by the first executor, if incompetent as against S., is harmless error, when there is evidence that such money was actually received by him.

3. SAME—PARTIES.

The residuary legatees of an estate have no right of action against the representatives of an incompetent person to recover money received by the latter as administrator with the will annexed of the estate, but new administrators must be appointed to maintain the suit.

4. SAME—EFFECT OF ORDER AUTHORIZING SUIT.

An order of the supreme court permitting residuary legatees to bring a suit against the representatives of an incompetent person, to recover money received by the latter as administrator with the will annexed of the estate, is not a decision that they have the legal capacity to maintain such a suit, and will not dispense with the appointment of new administrators to maintain the action.

Appeal from special term, Kings county.

Action by Sarah Louisa Squire and another against George R.
Trimble and another, committee of the person and estate of Seth P.
Squire, incompetent, to recover certain money received by him as
administrator with the will annexed of John H. Ludlam, deceased.
An interlocutory judgment was entered requiring defendants to ac-
count, and appointing a referee, after which the incompetent died,
and Augusta Bugbee and another, administratrices with the will an-
nexed of his estate, were substituted as defendants, and they appeal.
Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS,
WOODWARD, and HIRSCHBERG, JJ.

John W. Boothby, for appellants.
Thos. J. Ritch, Jr., for respondents.

GOODRICH, P. J.   John H. Ludlam died in 1848, leaving a will,
in which he directed that the proceeds of a policy of insurance on
his life, issued by the Mutual Benefit Life Insurance Company, be
invested by his executors, and the interest thereon paid to his wife
during her life, and at her death to be paid to his children, Sarah L.
Squire and Frances Rebecca Squire, or their heirs, in equal propor-
tions.   Bela S. Squire and Abraham W. Leggett were named as
executors, and afterward qualified as such.   Nancy, the widow of
Ludlam, died in July, 1898, and Frances Rebecca, having married,
died in April, 1880, leaving one son, Charles S. Lawrence, one of the
plaintiffs herein.   Leggett is deceased, but there is no evidence of
the date of his death.   Bela was removed from his position as exec-
utor in November, 1881, having been judicially declared to be an in-
competent person, and Newton R. Squire was appointed committee
of his person and estate.   Bela also is dead.   Seth P. Squire, in No-
vember, 1881, was appointed administrator with the will annexed of
Ludlam, and qualified in November, 1882.   He also, in 1897, was
judicially declared to be an incompetent person, and George R.
Trimble and Frank P. Bugbee were appointed committee of his per-
son and estate.   This action was originally brought against them.
After the entry of the interlocutory judgment herein, in July, 1901,
Seth died, leaving a will, which was admitted to probate, and letters
of administration with the will annexed were issued to Augusta Bug-
bee and Emma J. Trimble, and they, as such administratrices, were
substituted as defendants in place of the committee of Seth.   The
amount of the policy was paid by the insurance company to A. W.
Leggett, as executor, in 1848.   In 1882, the money was turned over
by Newton, the committee of Bela, to Seth, as administrator, etc., of
Ludlam.   The complaint sets out the foregoing facts, and the prayer
was for judgment for $3,000, with interest, to be paid out of the
estate of the said Seth B. Squire in the hands of the defendants.   At
the opening of the trial at special term the defendants moved to
strike the case from that calendar and send it to the trial term.   This
motion was properly denied.   The defendants also moved at the close
of the whole evidence to dismiss the complaint, on the ground that
no cause of action has been made out against the defendants.   "Mr.
Boothby:   I move to dismiss the complaint on the ground that no

cause of action has been made out against the defendants, and that according to the proof plaintiffs are not entitled to any equitable relief, and they are not entitled to the relief demanded in the complaint. The Court: Motion denied. Exception." We are thus brought to consider the plaintiffs' right to maintain the action. The plaintiffs produced receipts signed, "A. W. Leggett, Executor," showing that the money was received. This might not be competent evidence to charge the estate of Seth, but there was evidence that the money was paid as above stated by Newton, the committee of Bela, to Seth, as administrator of Ludlam. The admission of the receipt was therefore not important, and worked no injury to the defendants. The court directed an interlocutory judgment requiring the defendants to account for the disposition made by Seth of the money, and appointing a referee to take such account. Judgment was entered accordingly, and the defendants appeal.

The defendants contend that the action was improperly brought by the plaintiffs, as they were merely residuary legatees of Ludlam, and not representatives of his estate, and that it is necessary to have new administrators of the estate of Ludlam appointed, who alone would have legal capacity to bring this action. The point is distinctly settled in Re Moehring, 154 N. Y. 423, 48 N. E. 818, where the court held that the power conferred upon the surrogate's court by section 2606 of the Code of Civil Procedure, in connection with section 2603, to compel an executor of a deceased executor to account for unadministered money or property of the first estate in his hands, and to pay and deliver the same to the surrogate's court or to his successor in office, or "to such other person as is authorized by law to receive the same," does not require the surrogate to direct payment or delivery to a legatee under the will of the first testator. And, although it appeared that the appellant in that case held the absolute title to the residuary estate in question, the court held that she was not entitled to its possession until a representative of that estate has been appointed. This principle is equally applicable in an action in the supreme court. It is true that it is alleged in the complaint, and not denied in the answer, that the supreme court in the county of New York, by an order, authorized the plaintiffs to bring this action. But that order simply permitted the bringing of the action, and was not a decision upon the merits of this controversy, any more than an order authorizing a suit against a receiver would be an adjudication upon the right of recovery.

It follows that the interlocutory judgment should be reversed, and, as the situation cannot be changed by any new evidence, judgment directed for the defendants, with costs. All concur.