(38 Misc. Rep. 622.)

## In re ROWLEY.

(Surrogate's Court, Saratoga County.　September, 1902.)

1. EXECUTORS—SALE TO PAY DEBTS.

    Testatrix devised to her sister the income for life of all her real estate, after payment of her debts, and subsequently gave one of the executors the management of her real estate, with power to sell and convey the same after her death. *Held* to give him power to sell for payment of her debts, so that a proceeding to sell for that purpose under Code Civ. Proc. § 2759, could not be maintained.

In the matter of the petition of George W. Rowley, executor of Mary Chase, deceased, for the sale of her real estate to pay debts. Proceeding dismissed.

    Decedent left a will, in which she made the following provisions: "First. After all my lawful debts are paid and discharged, I give, devise, and bequeath to my sister Elizabeth A. Vandervort the income of all my real estate during her life, if she survives me." The testatrix then left several pecuniary legacies to be paid after the death of her sister. She also made a bequest of her wearing apparel and household furniture, and gave the residue of her estate after the death of her sister to her nephews and nieces named in her will. She then provided: "Seventh. I give, devise, and bequeath to one of my executors hereinafter named, George W. Rowley, the management and control of my real estate, with power to sell and convey same as I now possess (after my death)." The question is now presented whether, under the provisions of this will, the real estate of the testatrix is subject to a valid power of sale after the payment of her debts.

Irwin Esmond, for petitioner.

Alfred A. Guthrie, for William S. Kertley, executor.

LESTER, S. The statute (Code Civ. Proc. § 2759) requires, before a decree shall be made for the disposition of the real property of a deceased person for the payment of his debts and funeral expenses, that it must be established to the satisfaction of the surrogate that the real estate sought to be sold is not subject to a valid power of sale for the payment of the decedent's debts. In the present case I am of the opinion that the decedent's will gave a valid power of sale to her executor, George W. Rowley, for the payment of her debts. The gift of the income of the decedent's real estate to her sister, Elizabeth A. Vandervort, during the latter's life, is made, in express terms, after all the decedent's lawful debts are paid and discharged. The words "after all my lawful debts are paid and discharged," contained in the very clause bestowing the income of the decedent's real estate to her sister during life, plainly indicate that the testatrix

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 1344.

contemplated the possibility, if not the probability, of a portion of her real estate being required for the payment of her debts, and that it was her intention that so much of her real estate as might be required should be appropriated to that purpose, and that the income of what remained, only, should go to her sister. The language of Judge Lott in Kinnier v. Rogers, 42 N. Y. 534, illustrates the force which is to be given to these words, "after all my lawful debts are paid and discharged." Judge Lott says:

"And the devise of the said residuary estate being in general terms, without any declaration or statement that the real estate is given after or subject to the payment thereof [i. e., the debts, annuities, and legacies previously mentioned], or of any part thereof, there is no ground for the inference that the testator intended to appropriate it to such purpose."

In the present case it is my opinion that such an intention on the part of the testatrix appears not only from the first clause in the will, but from the language in which the gift of the power to sell and convey her real estate is given to her executor, George W. Rowley. The testatrix bestows upon him "power to sell and convey same as I now possess (after my death)." If this power had been intended simply for the purpose of the distribution of the estate among the residuary devisees, the testatrix would have given it to be exercised "after the death of my sister Elizabeth A. Vandervort, should she survive me," or she would have omitted any statement at all, and left her intentions in that regard to be gathered from the context; but she has, in express terms, stated that the power is to begin after her death, without any regard to the question of the survival of her sister Elizabeth A. Vandervort. This seventh clause, standing alone, as it does, without any more intimate connection with the clause relating to the disposition of her real estate after her sister's death than with the clause which bestows upon her sister the income of her real estate after her lawful debts are paid and discharged, is as applicable to the latter provision as to the former, and satisfies me that the power of sale was given by the testatrix to her executor as much to enable him to pay and discharge her debts as to distribute the residue of her estate among her nephews and nieces. I am therefore of the opinion that the real estate in question is subject to a valid power of sale for the payment of the debts of the testatrix, that there is no impracticability in executing the power of sale, and that for such reason the present proceeding cannot be maintained. A decree should be made dismissing the proceeding.

Proceeding dismissed.