———————

(70 Misc. Rep. 467.)

### In re WOOD'S ESTATE.

(Surrogate's Court, Saratoga County. January, 1911.)

1. LIMITATION OF ACTIONS (§ 103*)—ACCOUNTING—APPLICATION—LIMITATIONS.
   Limitations do not begin to run in favor of executors against an application for an accounting until they have repudiated their trusts.
   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 506–510; Dec. Dig. § 103.*]

2. EXECUTORS AND ADMINISTRATORS (§ 244*)—ALLOWANCE OF CLAIMS—PERSONS WHO MAY CONTEST CLAIMS.
   The executrix of a deceased executor called to account for the executor's proceedings has no authority over the original estate except to account for and pay over to the surviving executor thereof such funds of the estate as came to the deceased executor's hands, and cannot contest a claim against the original estate.
   [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 866; Dec. Dig. § 244.*]

Proceedings for settlement of the estate of Stephen Wood. Order to show cause why executors should not pay certain claims and legacy of Temmy M. Wood. Decree for petitioner.

George B. Lawrence, for petitioner.

Walter E. Ward, for Louise C. Wood, individually and as executrix.

———————

OSTRANDER, S.   This is an order to show cause, granted upon the application of Temmy M. Wood and addressed to Stephen F. Wood, executor, etc., of Stephen Wood, deceased, and to Louise C. Wood, as executrix of Edward I. Wood, the deceased executor of said Stephen Wood, requiring them to show cause why they should not render and settle their accounts as executor and as executrix of the deceased executor of Stephen Wood, deceased, and why they should not pay the claims and legacy of the petitioner herein, and why a decree should not be entered judicially settling their accounts and directing payment of the claims and legacy of the petitioner herein.

Stephen Wood died August 15, 1898, leaving Temmy M. Wood, his widow, and his two sons, Edward I. Wood and Stephen F. Wood, his only heirs at law and next of kin.  The will was proved September 24, 1898.  No account has been filed or rendered, nor any inventory filed by the executors under the will.  Petitioner and said Stephen F. Wood and Edward I. Wood are all named as executors, but petitioner did not qualify.  The two sons qualified as such.  By the terms of the will petitioner was given one-third of the estate, real and personal, in lieu of dower.  She claims that the estate is also indebted to her as a creditor in the sum of $6,000 and upwards for moneys loaned.  Petitioner offered certain testimony, and the executrix and executor rested their case upon the testimony so given.  From this it appears that Stephen Wood was a man upwards of 80 years old and engaged in conducting a lumber and coal business, and was the owner of certain real and personal property used in the business.  As he became advanced in years the two sons assisted in the business, Stephen F. directing work about the yard and Edward I. keeping the books and looking after the finances, and the business was conducted under the name of Stephen Wood Sons for a period of a year or more prior to his death.  This appears to have been done as a matter of convenience.  It was testified that there was no conveyance of any interest in this property or in the business by Stephen Wood; and subsequently to the death of Stephen Wood the son Edward I. testified, upon the transfer tax appraisal, that all of this property belonged to the estate of Stephen Wood, deceased, and it is so admitted in the answer of Louise C. Wood, executrix.  He also admitted that there was due to Temmy M. Wood from said estate a note for $3,000. After the death of Stephen, the business continued to be carried on by the two sons in exactly the same manner as before the death of their father.  There was no transfer of the property to them, except such as may have occurred by operation of law.  There was no partnership agreement nor any other proceedings in reference to the business except to carry it on as before. It is nowhere claimed in the evidence that any payments have been made in fact to Temmy M. Wood for any indebtedness owing by the estate to her, if any, nor any payment of her legacy except as hereinafter stated.  The executor, Stephen F. Wood, does not in any way combat the allegations of the petition or the determination, but Louise C. Wood, as executrix of her deceased husband, contends that the statute of limitations is a bar to this proceeding, and that the attitude of the sons toward the estate as shown

by the testimony indicates that they have claimed the property of the estate in their own right for upwards of six years and upwards of ten years. It appears from the testimony, as before stated, that Edward I. Wood swore upon the transfer tax appraisal that this property all belonged to the estate of his father, so at that time there was no claim that the sons were holding it adversely to their duties as executors. It is also testified by Stephen F. Wood that subsequently to the death of his father, the time of which is not very definitely fixed, he and his brother Edward asked his mother "if she wanted to settle up the estate; that is, divide it up, that was spoken of. And she said 'No,' she didn't want the principal, she wanted the interest; they could have the use of it as long as she lived for her care and maintenance. * * * Q. The use of what? A. We could have the use of her money coming out of the estate."

It was further testified that it was agreed by the two sons and the mother that they should keep her at their respective homes for equal successive periods and should pay her such sums of money as she should need from time to time; and they did in fact do so, keeping her two weeks each at their respective homes, which were adjoining houses in the village of Stillwater; and they have paid her such sums of money as she wanted, not exceeding $100 in any year, up to the time of the death of Edward I. Wood in 1908. It was also testified by Mr. Bartlett, a neighbor, that he had frequent conversations with Edward I. Wood in his lifetime, and Edward I. told him that they had their mother's money and that the money was in the yard, meaning the lumber and coal yard, and that one of these conversations was very shortly before the death of Edward I. Wood.

Insurance was taken out upon various real and personal estate, including the lumber property; one policy for the year December 15, 1907, to December 15, 1908, payable to "Estate of Stephen Wood and Stephen Wood's sons, as their respective interest may appear," and the other running from August 11, 1908, to August 11, 1909, payable in like manner. The executor, Stephen F. Wood, does not claim that he and his brother ever took the property or any part of it in hostility to their duties as executors; and it seems to me that the acts above recited indicate the understanding of Edward I. Wood that he was holding the property as executor and not in hostility to the estate.

There was no change in the firm name (if the facts above stated indicate a firm) after the death of Stephen Wood such as would lead the petitioner or any other person to believe that the executors were claiming to own the property individually instead of as executors. They recognized their mother's right to share in the estate and asked her if she wished it divided up; and, upon her saying in substance that all she wished of her share, from time to time, was her care and spending money for the use of it, they proceeded to treat the estate in the manner described and continued throughout the lifetime of Edward I. Wood, and until the year 1909, to make such payments for the use of this money. There was no repudiation of their trust relationship in regard to the estate until the filing of the answer of Louise C. Wood in this proceeding.

[1] There is no claim of other creditors or any interests involved except the interest of the petitioner and of her sons, the executors. Under the doctrine of many cases which hold that the statute of limitations does not begin to run in favor of executors against an application for an accounting until they have repudiated their trusts (Matter of Irwin, 68 App. Div. 158, 74 N. Y. Supp. 443; Matter of Meyer, 98 App. Div. 7, 90 N. Y. Supp. 185, affirmed 184 N. Y. 54, 76 N. E. 920; Matter of Williams, 57 Misc. Rep. 537, 109 N. Y. Supp. 974; Matter of Asheim, 111 App. Div. 176, 97 N. Y. Supp. 607, affirmed 185 N. Y. 609, 78 N. E. 1099; Matter of Anderson, 122 App. Div. 453, 106 N. Y. Supp. 8181), I think the executor, Stephen F. Wood, and Louise C. Wood, as executrix of Edward I. Wood, should be compelled to render an account of the proceedings of the executors of Stephen Wood, deceased. In no other way can the value of her legacy under the will be determined. Findings and a decree to that end may be submitted.

As to the alleged indebtedness of Stephen Wood to the petitioner, as a creditor: The Code (section 2722) provides for the filing of a petition by a creditor to compel payment by executors of a claim against the deceased, but also provides that, where the executor files a verified answer setting forth facts which show that it is doubtful whether the petitioner's claim is valid and legal and denying its validity, the proceeding must be dismissed without prejudice to an action or accounting in behalf of the petitioner.

Louise C. Wood, as executrix of Edward I. Wood, has filed an answer denying the allegations of the petition upon which the indebtedness is founded, and alleging payment of all indebtedness of Stephen Wood to the petitioner, and setting up the statute of limitations as a bar to this claim. The petition alleges the facts out of which this claim arises, and sets forth that, after the death of their father, both Edward I. and Stephen F., individually and as executors, agreed to care for the petitioner and pay her such moneys as she might need for the use of the moneys and property so belonging to her, including her one-third share of the estate, the principal to remain as it was. Stephen F. Wood, the sole surviving executor of his father's will, does not deny any facts set out in the petition; and, having been called as a witness by the petitioner, substantially admits the correctness of the claim and testifies to payments by himself and Edward I. as executors on account of the claim which avoid the bar of the statute. Holly v. Gibbons, 176 N. Y. 520, 68 N. E. 889, 98 Am. St. Rep. 694.

[2] Louise C. Wood, as executrix of her deceased husband, has no authority over the estate of Stephen, except to account for and pay over to Stephen F., the surviving executor, such funds of the estate as came to her husband's hands. Matter of Moehring, 154 N. Y. 423, 48 N. E. 818; Matter of Allen, 2 Dem. 203.

She has no standing in this proceeding to deny the petition, so far as it relates to an indebtedness of the estate to the petitioner. That function belongs to the surviving executor of Stephen Wood; and, when he admits the correctness of the claim, it is the duty of this

court to order its payment. Matter of Miles, 170 N. Y. 75, 62 N. E. 1084.

It follows that a decree should be made directing the surviving executor, Stephen F. Wood, to pay petitioner's claim out of the assets of the estate applicable thereto.

Let findings and a decree to that effect be submitted.

Decreed accordingly.