ion. I am inclined to grant him the allowance asked, but would prefer to reserve this point for the final settlement of the decree.

Decreed accordingly.

---

(77 Misc. Rep. 425.)

## In re VERNON.

(Surrogate's Court, Kings County. July, 1912.)

TRUSTS (§ 168*)—APPOINTMENT OF TRUSTEE—SUCCESSIVE TRUSTEES.

Where a will provides for the appointment of a trust company as original or substitute executor and trustee, in the event of the death of the trustee named in the will, and upon the eve of the entry of a decree directing the payment of the principal of a trust fund to the guardian of an infant remainderman, the absolute owner of the fund, the testamentary trustee dies, the surrogate has no jurisdiction to direct the trustee's executor to pay the fund to the general guardian of the infant, but a new trustee must be appointed.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 221; Dec. Dig. § 168.*]

Judicial settlement of the account of George R. Vernon as trustee under the last will and testament of Miles Vernon, deceased. Decree entered.

Francis L. Minton, of New York City, for accountant.

Wingate & Cullen, of New York City, for People's Trust Co.

Geller, Rolston & Horan, of New York City, for Farmers' Loan & Trust Co.

James W. Redmond, of Brooklyn, special guardian.

KETCHAM, S. In this case the testamentary trustee died after the statement of his account and upon the eve of the entry of a decree directing that the principal of the trust fund be paid to the guardian of an infant remainderman. The will provided that in the event of the trustee's death the People's Trust Company of Brooklyn be appointed as original or as substitute executor and trustee.

It is conceded that the remainderman is the absolute owner of the fund subject, however, to the usual needs of administration, and the court is asked to direct the payment of the fund by the representative of the deceased trustee to the general guardian of the infant. The appointment of a successor trustee cannot be escaped, though the surrogate has tried to avoid that result with a zeal which at least approaches that which the petitioner shows. The fund may be directed to be paid into court, but such direction would still leave the estate suspended until a successor in the trust should be appointed.

The sole test, which might as well be applied now as in the future, after the payment into court, is: Can the executor of a deceased trustee be permitted to administer the trust which was never reposed in him? In Matter of Moehring, 154 N. Y. 423, 48 N. E. 818, this question was answered in the negative. The surrogate can see no dif-

---

ference between the two cases, nor can he be persuaded that any of the declarations of law contained in the opinion of the court in the case cited were obiter. They were all essential to the decision there made that the surrogate was justified in directing that the fund be paid into court unless an administrator were appointed within a time prescribed.

The surrogate's decree there appealed from was proper, if the executor of the deceased executor could not legally pay the residue to the legatee, who was conceded to be its absolute owner. His decree was useless, and therefore improper, if he could have directed the payment of the fund to the person who held the absolute title to it. Hence the opinion that the payment to the residuary legatee could not be made by the representative of the deceased executor was material to the result and became an authoritative statement of the law.

The representative of a deceased trustee, equally with the representative of a deceased executor, must find a successor in the original trust or office and account to him. No other payment will discharge him, and deposit in court will simply pass on the same vexation to the court, which in turn can only permit the fund to be placed in the hands of a successor to the primary trustee. It is better that a great inconvenience be imposed upon one estate than that a statutory rule wholesome in the main and inevitable in its operation be distorted or evaded.

Decreed accordingly.