HERMAN ROSITZKE, Respondent, *v.* GEORGE WILLIAM MEYER, Individually and as Executor, etc., of SOPHIA MEYER, Deceased, and Others, Appellants.

Second Department, December 30, 1916.

Limitation of action — part payment by executor and written promise to pay testator's debts — payment and promise by executor of executrix who has not accounted — will — devise with power of sale to pay debts — when creditor may resort to real estate.

Where a wife, being devisee and legatee of all her husband's property, and being executrix of his will, promised to pay an indebtedness of her testator, and did make part payments of principal and interest, but died without accounting, and bequeathed and devised to her son portions of the same property which she had received from her husband, and appointed her son executor of her will, the son by continuing to recognize in writing the indebtedness of the original testator, and by making payments of interest from the funds of his father's estate, tolled the Statute of Limitations, and the defense thereof is not available in a suit by an assignee of the creditor.

The son, being executor of the executrix of his father's estate, was bound to account therefor, and was in the position of a trustee, and the payments on his father's debt may be deemed to be a charge on or in anticipation of his eventual accounting.

Where the original testator left his property to his wife only "After my lawful debts are paid," and gave her as executrix a power to sell or mortgage the whole or any part of his estate, the power of sale will be deemed to have been given for the purpose of providing for the payment of debts and becomes a duty which a court of equity may enforce.

The Supreme Court has jurisdiction of an accounting by an executor whenever special circumstances of a fiduciary character render the matter too complicated for remedy in the Surrogate's Court.

Should the personal estate of the original testator be insufficient to satisfy the debt aforesaid, resort may be had to his realty even though the present devisees claim under the will of their mother rather than under the original will of the father, for the father's lands were made at all times subject to the payment of his debts, and in equity the lands descended so charged and subject to the power of sale.

APPEAL by the defendants, George William Meyer, individually and as executor, and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered

in the office of the clerk of the county of Westchester on the 1st day of July, 1916, upon the decision of the court after a trial at the Westchester Special Term.

The judgment decreed that plaintiff had a valid claim against the estate of John N. Meyer, deceased, and directed an accounting.

*Sydney A. Syme,* for the appellants.

*C. Elmer Spedick* [*Jacob Neu* with him on the brief], for the respondent.

PUTNAM, J.:

The original creditors were J. and M. Tiedemann, who years ago returned from New York to Germany. On July 1, 1895, they had loaned to John N. Meyer (now deceased) $3,000, and $900 more in 1898, making $3,900.

Mr. John N. Meyer died in 1901 in Mt. Vernon, N. Y., leaving a bottling business in Mt. Vernon, and certain real estate there. His will, probated in Westchester county, begins: "After my lawful debts are paid, I give, devise and bequeath all of my estate," etc., to his wife. "I hereby appoint my said beloved wife Sophie Meyer to be Executrix of this my Last Will and Testament; granting and giving unto her full power of sale of or to mortgage the whole or any part of my estate."

Mrs. Sophie Meyer qualified, but never accounted as executrix. She wrote several letters to the Tiedemanns, promising to pay the indebtedness, and did pay interest. In November or December, 1904, she further paid them $500 on the principal. On January 18, 1905, she paid interest on the $3,400 balance up to January 1, 1905. Mrs. Sophie Meyer died on June 9, 1905, leaving a will proved in Westchester county, in which she named her son, the defendant George William Meyer, as executor, who duly qualified. Her will left him the bottling business at Mt. Vernon, and devised all her other estate to him jointly with his sister, Adelle Dorothea Meyer. By this will there passed some of the same personal property which John N. Meyer had bequeathed to his widow. After qualifying as executor, defendant George William Meyer wrote several letters to the Tiedemanns, recognizing this indebtedness, and did

in fact make them two payments of interest from the funds of his father's estate, one in 1906 and the last on March 7, 1908.

Plaintiff is the Tiedemanns' lawful assignee. His suit began April 5, 1912. If the Statute of Limitations ran from the widow's payments, it might be a bar; otherwise, if George W. Meyer's payments by recognizing the debt tolled the statute. The interlocutory decree here under review requires defendant George William Meyer to file an account of the proceedings of Sophie Meyer, as executrix of John N. Meyer, deceased. It further directs that the final judgment when entered shall provide that if this personal property be insufficient, then a sale be had of so much of the real property of John N. Meyer, deceased, as may be necessary to pay any deficiency. Defendants join in an appeal from every part of this interlocutory judgment, appealing upon the judgment roll alone.

Defendants contend: (1) That G. W. Meyer's payments and written promises were ineffective to prevent the statute running, because made by himself individually, and not as executor, and, since he had no authority to administer his father's estate, he was powerless to affect the bar of the Statute of Limitations. (2) That the power of sale in the will of John N. Meyer is discretionary, and cannot be exercised by Sophie Meyer's executor, and, therefore, cannot be compelled by this decree. (3) That the Supreme Court will not entertain jurisdiction of an accounting action which should be in the Surrogate's Court. (4) The individual legatees maintain that they are not such under the will of John N. Meyer, but take through the will of Sophie Meyer, whose estate has been accounted for.

The merits are all with the plaintiff and his assignors. They loaned the money, received promises, payments of interest and part payments of the principal, and have been induced to wait only, through their compliance, to find invoked against them the Statute of Limitations.

(1) G. W. Meyer's part payments, and their legal effect. The court has found that they were made after he had qualified as executor of Sophie Meyer's will, and that such payments were in fact made from the funds of the estate of John N. Meyer, deceased. As executor of the executrix of John N. Meyer, he was under a duty to account for John N. Meyer's estate. He

was, therefore, a trustee. Such payments may be fairly deemed to be in discharge of or in anticipation of his eventual accounting. They were presumably made to meet the more urgent demands of the creditors. Hence Mr. Meyer cannot now disclaim them as unauthorized in respect to the estate. The executor of a deceased executor can be made to account, although he cannot, as such, be required to administer the assets. He is accountable, as trustee for the plaintiff, in respect of such assets as have come into his hands. (*Matter of Moehring,* 154 N. Y. 423; *Matter of Hayden,* 204 id. 330; Code Civ. Proc. § 2725.) Defendant Meyer, burdened by the duty to account for the assets he received, cannot be permitted by his promises to lull creditors into security and then confront them by a plea that their claims are barred by the statute. (*Matter of Prince,* 56 Misc. Rep. 222; *Matter of Ashheim,* 111 App. Div. 176.)

(2) Appellants urge that the power of sale under J. N. Meyer's will is discretionary. While the discussion of the power of sale at this time may prove to be needless, because the accounting may disclose sufficient personalty without resorting to the real estate, still, I think we may also pass on this objection. The significance of the clause "after my lawful debts are paid," has been often passed upon. (See *Matter of Rowley,* 38 Misc. Rep. 622.) A power of sale so worded is held to have been given for the very purpose of providing for the payment of debts. (*Matter of Gantert,* 136 N. Y. 113; *Holly* v. *Gibbons,* 176 id. 520.) Such a power of sale thus becomes a duty which a court of equity may enforce.

(3) The jurisdiction of the Supreme Court in an accounting action is complete, and has often been so declared whenever special circumstances of a fiduciary character render the matter too complicated for a full remedy in the Surrogate's Court. (*Matter of Clark* v. *Hyland,* 88 App. Div. 392.) The remedy is enforcible as a part of the jurisdiction in equity, and probably, if there had been no assignment of the cause of action, the suit could have been maintained in the United States District Court. (*Underground Electric Rys. Co.* v. *Owsley,* 176 Fed. Rep. 26.)

(4) True, the individual legatees and devisees did not take

under the original will of the father, but claim under the later will of the mother. If, however, the mother's interest derived under this will were at all times subject to payment of the father's debts, then in equity these lands descended so charged and subject to this power of sale. This is not a personal obligation. On these proofs, the real estate now remains in the same condition as at the testator's death, without any division or conveyance by the heirs or devisees. Lands thus descending remain in equity so chargeable, even after the mother's death, and may be so applied so long as they are in the hands of these devisees.

I advise that the interlocutory judgment be affirmed, with costs to the respondent.

JENKS, P. J., THOMAS, CARR and STAPLETON, JJ., concurred.

Interlocutory judgment affirmed, with costs to the respondent.