PUMPELLY and others *vs.* TINKHAM.

Where, upon the death of a sole or surviving executor, application is made to the surrogate, for letters of administration with the will annexed, of the assets of the first testator left unadministered, *prima facie* evidence of the fact that there are such assets, left unadministered, is sufficient.

The general allegation, in the petition for letters, that the executors named in the will died, "leaving certain property and assets" of their testator "still unadministered," followed by a statement of the value thereof, is sufficient to confer jurisdiction upon the surrogate to issue letters to the applicant, where the petition is duly verified.

It is no objection to the appointment of an administrator with the will annexed, that owing to the lapse of time since the deceased executors took out letters testamentary, and the operation of the statute of limitations, such appointment would confer only a barren office upon the person appointed.

Upon such an application, the surrogate has no right to determine the question whether the applicant, if appointed administrator, could recover any of the alleged unadministered assets of the deceased testator; or would have any legal or equitable cause of action against the representatives, or heirs, or next of kin of the deceased executors.

THE facts in this case sufficiently appear in the opinion of the court.

*Thomas Farrington,* for the appellants.

*Davis & Walker,* for the respondent.

*By the Court,* BALCOM, J. David Pixley died in the year 1807, leaving a last will and testament, in which James Pumpelly and John H. Avery were named as executors. The will was proved, before the surrogate of Broome county, in 1807; and it was recorded in the office of such surrogate in the same year, and Pumpelly and Avery took letters testamentary, as such executors, from the surrogate, in the same year. Pixley left a large estate, but his executors did not return an inventory of his personal property, and they never settled or accounted before the surrogate. Avery died in 1837, and Pumpelly died in 1845. The county judge of Broome county, acting as surrogate, made an order on the 22d day of February, 1856, in and by which he appointed the respondent administrator of the

goods, chattels and effects of David Pixley, deceased, with his will annexed; upon the respondent giving sufficient sureties and taking the proper oath, as such administrator. George J. Pumpelly and others have appealed from the order of the county judge, to this court.

No question is raised as to the competency or right of the respondent to letters of administration, with the will of David Pixley, deceased, annexed, if a case was made that authorized the county judge to grant such letters to any person. The statute applicable to cases like this, is in these words : " On the death of the sole or surviving executor of any last will, letters of administration with the will annexed, *of the assets of the first testator left unadministered,* shall be issued in the manner and with the authority hereinafter provided." (2 *R. S.* 71, § 17.) The further provision referred to, is as follows : "In all cases where letters of administration with the will annexed shall be granted, the will of the deceased shall be observed and performed; and the administrators with such will, shall have the rights and powers, and be subject to the same duties, as if they had been named executors in such will." (*Id.* 72, § 22.) The manner in which this section has been construed is quite immaterial in this case. (*See* 21 *Wend.* 430 ; 3 *Kernan,* 593.)

The appellant's counsel insists that the proof which was made before the county judge does not show that there are any assets of David Pixley, deceased, *left unadministered.* But I am of the opinion that sufficient proof was made upon the point, to uphold the decision of the county judge, that there are unadministered assets of the deceased testator. *Prima facie* evidence of the fact is all that is necessary in such a case. The general allegation in the petition for letters, that the executors named in the will of David Pixley died leaving certain property and assets of the said David Pixley, deceased, still unadministered," followed by a statement of the value thereof, was sufficient to confer jurisdiction upon the county judge, to issue letters to the respondent, as such petition was duly verified. This allegation occurs twice in the petition. Where it first occurs, it is followed by specifications of property, which the appellant's counsel contends

Pumpelly *v.* Tinkham.

is not assets; but it is unnecessary to determine whether the property so specified, is or is not assets, as no specification of property, as assets, follows this allegation where it last occurs in the petition.

The appellant's counsel also contends, that the statutes of limitation, and the lapse of time since Pumpelly and Avery took letters testamentary as executors of the will of the deceased, show that the appointment of the respondent as administrator confers a barren office upon him, and is erroneous; and that the order of the county judge for his appointment should be reversed. This proposition is based on the assumption that all causes of action against the representatives, or heirs, or next of kin of the deceased executors, are barred by the lapse of time, and the statutes applicable to any actions or proceedings that can be instituted against them. A short and sufficient answer to this proposition is that the county judge had no right to determine the question, on the case before him, whether the respondent, as administrator with the will annexed, could recover any of the alleged unadministered assets of the deceased testator; or would have any legal or equitable cause of action against the representatives, or heirs, or next of kin of the deceased executors. This question was not legitimately before the county judge. It can only be raised in subsequent proceedings before him, or in another forum.

The order of the county judge should be affirmed, with costs to be paid by the appellants.

MASON, J., concurred, except that he was of the opinion the order of the county judge should be affirmed without costs to either party.

GRAY, J., concurred with him on the question of costs, but did not vote on the other questions in the case.

Order of the county judge affirmed without costs to either party.

[BROOME GENERAL TERM, January 13, 1857. *Gray, Mason* and *Balcom*, Justices.]