NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—May, 1883.

## FOWLER v. WALTER.

*In the matter of the application for the appointment of an administrator of the estate of* JAMES R. WALTER, *deceased, with his will annexed.*

A claimant, under a contract made with executors, is not a "creditor," within the provisions of Code Civ. Pro., § 2643, subd. 4, authorizing the issuance, to a creditor, of letters of administration, with the will of a decedent annexed.

Decedent's sole surviving executor having died during the pendency of an action brought, in 1880, against him and others, by the assignee of a lease for 21 years executed in 1859 by the executors, to determine the rights of the parties under the lease and under an agreement supplementary thereto, and for other purposes, the plaintiff petitioned the Surrogate's court for the appointment of the public administrator, as administrator with the will of decedent annexed, in order to enable the action to be continued against the appointee. By the answer to the petition, it appeared that the will had been declared void by a judgment of the Supreme Court in 1868, the executor discharged in 1869, and the personal estate fully administered before the commencement of such action.—*Held,* that the petition must be denied, on the grounds that

1. Petitioner had no standing in court, under Code Civ. Pro., § 2643, being neither "a person interested in the estate" nor " a creditor " *of decedent.*
2. The petition was defective, in not asking for the appointment of the petitioner therein; and the citation, in not being addressed to the public administrator, who had a prior right.
3. The estate having been fully distributed, there was no need of further administration.
4. Decedent having been adjudged to have died intestate, there was no will, to be annexed to the administration asked for.

PETITION, by Jonathan O. Fowler, for the grant of letters of administration, with the will of decedent annexed, to the public administrator in the city of New York; opposed by Thomas H. Walter, decedent's son, and others. The facts appear sufficiently in the opinion.

JOHN A. BRYAN, *for petitioner.*

T. G. RITCH, *for Harriet A. Walter.*

G. W. ELLIS, *for Thos. H. Walter.*

E. C. BOARDMAN, *for executors of Andrew Boardman.*

THE SURROGATE.—This is a contested application for the appointment of the public administrator, as administrator, with the will annexed, of the goods, chattels, etc., of James R. Walter's estate.  The petitioner in this proceeding became, in September, 1859, the assignee of a twenty-one years' lease of certain premises in New York city.  In April of that year, the lease had been executed to one Alvin Higgins by Ann Walter, as executrix, and Andrew Boardman, as executor, of an instrument which had been theretofore established as this decedent's will. The lease provided that, at its expiration, the buildings and improvements should belong to the lessors, unless, meantime, the premises should be destroyed by fire and should be rebuilt by the petitioner.  In that event, it was agreed that he should be to some extent reimbursed out of any insurance moneys which the lessors might receive, the property being insured at the time in the sum of $40,000.  The contingency just referred to subsequently arose. The buildings were consumed in 1874, and the lessors received about $37,500 insurance.  Thereupon an agree-

ment was executed, by the petitioner on the one hand, and the lessors—Ann Walter, executrix, and Andrew Boardman, executor—on the other, which provided, among other things, that, in case the petitioner should erect more valuable buildings than those which had been destroyed, a portion of the necessary expenses would be defrayed by the lessors at the expiration of the lease, *unless*, meantime, the heirs-at-law of the decedent should have come into possession of the property, in which event the agreement made certain provisions which are foreign to this inquiry. The petitioner proceeded to build. In 1880, the lease having terminated, he commenced, in the Supreme Court, an action against various parties, including Andrew Boardman, as sole surviving executor of decedent. The action is still pending. One of its objects is the ascertainment of the rights of the various parties to the lease and the supplementary agreement. Mr. Boardman has died during the pendency, and this proceeding before the Surrogate is brought for obtaining the appointment of some person as his successor in interest, against whom the Supreme Court action may be continued.

The answer of Thomas H. Walter, one of decedent's children and heirs-at-law, discloses, that, in June, 1868, a judgment was entered in the Supreme Court, whereby it was determined that the paper, which had been theretofore admitted to probate as decedent's will, was not in truth such, and that the decedent died intestate. In pursuance of this judgment, the premises in question were surrendered to the heirs-at-law, subject (in the same manner as if such heirs-at-law had been originally the lessors) to the then unexpired lease.

It is further alleged in the answer that Andrew Board-

man was fully discharged from his trust in September, 1869, and that, before the commencement of the petitioner's action in the Supreme Court, the administration of decedent's personal estate had been concluded.

In view of the facts above stated, this application must be denied, upon several grounds.

1st. The petitioner has no standing in court. No person is entitled under section 2643 of the Code, unless he is either (a) "*a creditor of the decedent*" or (b) "*a person interested in the estate.*" The petitioner does not come within class (b); for the definition, in section 2514, of the expression "person interested" excludes creditors absolutely. Nor does he belong to class (a) for, though he claims to be in some sense a creditor of this estate, he is very clearly *not* "a creditor of the decedent." ·

2d. This petition, even if it is deemed to be made by a competent person, is defective in form. Its prayer should be for the appointment of the petitioner himself, and the citation should correspond with the petition, and should issue to all persons having a prior right (see Batchelor v. Batchelor, *ante*, 209; Code, § 2644). Here the public administrator, who has a prior right, has not been cited, and the petitioner asks for the appointment of such administrator and not for his own appointment.

3d. It does not appear that there are any assets of James R. Walter's estate not already administered upon and distributed, and until this is made apparent, there is manifestly no need of further administration. Pumpelly v. Tinkham (*23 Barb., 321*), cited by counsel for the petitioner, is not at odds with this view. There the application for appointment of an administrator with the will annexed alleged that the executors had died, leaving

*unadministered* certain property and assets of their testator. Counsel for petitioner claims that the judgment setting aside the will was collusively obtained, and that, if it shall hereafter be declared void, the rents which have been collected by the heirs-at-law, and even certain claims which they now make against himself, will be discovered to be assets of the decedent's estate. This possibility of assets is not assets, however, and, while the judgment stands, can never become such.

4th. Another fatal objection to the petitioner's claim is also suggested by the existence of this judgment. The so called will has been set aside, and there is no greater propriety now in appointing an administrator with the will annexed than there would be in making such an appointment, if probate had been refused, in the first instance, to the paper propounded as decedent's will.

Petition denied.