SARAH LOUISA SQUIRE and CHARLES S. LAWRENCE, Respondents, *v.* AUGUSTA BUGBEE and EMMA J. TRIMBLE, as Administratrices with the Will Annexed of SETH P. SQUIRE, Late of the City of New York, Deceased, Appellants.

*Residuary legatees cannot maintain an action against the executor of the executor of their testator — an administrator with the will annexed must sue.*

Where a testator by his will directs that the proceeds of a policy of insurance on his life be invested by his executor and that the interest thereon be paid to his wife during her life, and at her death that the principal be paid to his children or their heirs in equal proportions, the testator's children cannot, after the death of the testator's widow, maintain an action against the personal representative of the executor to recover the principal of the fund, although they have obtained an order of the Supreme Court authorizing them to bring the action; such an order is not *res adjudicata* upon the plaintiffs' right of recovery.

*Semble,* that administrators with the will annexed of the original testator alone would have legal capacity to maintain the action.

APPEAL by the defendants, Augusta Bugbee and Emma J. Trimble, as administratrices with the will annexed of Seth P. Squire, late of the city of New York, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 19th day of June, 1901, upon the decision of the court rendered after a trial at the Kings County Special Term.

*John W. Boothby,* for the appellants.

*Thomas J. Ritch, Jr.,* for the respondents.

GOODRICH, P. J. :

John H. Ludlam died in 1848 leaving a will, in which he directed that the proceeds of a policy of insurance on his life, issued by the Mutual Benefit Life Insurance Company, be invested by his executors and the interest thereon paid to his wife during her life, and at her death to be paid to his children, Sarah L. Squire and Frances Rebecca Squire, or their heirs, in equal proportions. Bela S. Squire and Abraham W. Leggett were named as executors and afterward qualified as such.

Nancy, the widow of Ludlam, died in July, 1898, and Frances Rebecca, having married, died in April, 1880, leaving one son, Charles S. Lawrence, one of the plaintiffs herein.

Leggett is deceased, but there is no evidence of the date of his death. Bela was removed from his position as executor in November, 1881, having been judicially declared to be an incompetent person, and Newton R. Squire was appointed committee of his person and estate. Bela also is dead.

Seth P. Squire, in November, 1881, was appointed administrator with the will annexed of Ludlam, and qualified in November, 1882. He also, in 1897, was judicially declared to be an incompetent person, and George R. Trimble and Frank P. Bugbee were appointed committee of his person and estate. This action was originally brought against them.

After the entry of the interlocutory judgment herein, in July, 1901, Seth died, leaving a will which was admitted to probate, and letters of administration with the will annexed were issued to Augusta Bugbee and Emma J. Trimble, and they, as such administratrices, were substituted as defendants in place of the committee of Seth.

The amount of the policy was paid by the insurance company to A. W. Leggett, as executor, in 1848. In 1882 the money was turned over by Newton, the committee of Bela, to Seth, as administrator, etc., of Ludlam.

The complaint sets out the foregoing facts, and the prayer was for judgment for $3,000, with interest, to be paid out of the estate of the said Seth B. Squire in the hands of the defendants. At the opening of the trial at Special Term the defendants moved to strike the case from that calendar and send it to the Trial Term. This

motion was properly denied. The defendants also moved, at the close of the whole evidence, to dismiss the complaint on the ground that no cause of action has been made out against the defendants. " Mr. Boothby : I move to dismiss the complaint on the ground that no cause of action has been made out against the defendants, and that, according to the proof, plaintiffs are not entitled to any equitable relief, and they are not entitled to the relief demanded in the complaint. The Court : Motion denied. [Exception.] " We are thus brought to consider the plaintiffs' right to maintain the action.

The plaintiffs produced receipts, signed A. W. Leggett, 'Executor, showing that the money was received. This might not be competent evidence to charge the estate of Seth, but there was evidence that the money was paid, as above stated, by Newton, the committee of Bela, to Seth, as administrator of Ludlam. The admission of the receipt was, therefore, not important and worked no injury to the defendants.

The court directed an interlocutory judgment requiring the defendants to account for the disposition made by Seth of the money and appointing a referee to take such account. Judgment was entered accordingly and the defendants appeal.

The defendants contend that the action was improperly brought by the plaintiffs, as they were merely residuary legatees of Ludlam and not representatives of his estate, and that it is necessary to have new administrators of the estate of Ludlam appointed who alone would have legal capacity to bring this action.

The point is distinctly settled in *Matter of Moehring* (154 N. Y. 423), where the court held that the power conferred upon the Surrogate's Court by section 2606 of the Code of Civil Procedure, in connection with section 2603, to compel an executor of a deceased executor to account for unadministered money or property of the first estate in his hands and to pay and deliver the same to the Surrogate's Court or to his successor in office, or " to such other person as is authorized by law to receive the same," does not require the surrogate to direct payment or delivery to a legatee under the will of the first testator. And although it appeared that the appellant in that case held the absolute title to the residuary estate in question, the court held that she was not entitled to its possession until

a representative of that estate has been appointed. This principle is equally applicable in an action in the Supreme Court.

It is true that it is alleged in the complaint and not denied in the answer that the Supreme Court in the county of New York, by an order, authorized the plaintiffs to bring this action. But that order simply permitted the bringing of the action, and was not a decision upon the merits of this controversy any more than an order authorizing a suit against a receiver would be an adjudication upon the right of recovery.

It follows that the interlocutory judgment should be reversed, and as the situation cannot be changed by any new evidence, judgment directed for the defendants, with costs.

BARTLETT, WOODWARD, HIRSCHBERG and JENKS, JJ., concurred.

Interlocutory judgment reversed and judgment ordered for the defendants, with costs.