## In re RATHYEN.

## SMITH et al. v. RATHYEN.

(Supreme Court, Appellate Division, Second Department. November 28, 1906.)

1. WILLS—POWER OF SALE—MERGER.

Testator died, leaving a widow and three children. He bequeathed his estate to his widow for life, declaring that on her death all the residue of his estate should be sold, and the proceeds be equally divided among his three children, two of whom he appointed executors. The other child died intestate, leaving his mother and his brother and sister as his only heirs, after which the widow died intestate, leaving the two remaining children as her only heirs. *Held*, that the interest of the child first dying in the real estate as to which the executors' power of sale had never been exercised vested in the two surviving children in fee, and not as the donees of the power, which was merged in the fee.

2. ADMINISTRATORS—APPLICATION FOR APPOINTMENT—FALSE SUGGESTION OF PROPERTY.

Where a petition for the appointment of an administrator with the will annexed alleged that there was personal property of the value of $4,000 unadministered, but omitted material facts which would have disclosed that, in view of certain deaths, successions, and the identity of the donees, executors, beneficiaries, heirs, or next of kin, the power of sale contained in the will had been merged as a matter of law in the fee title to the property held by the executors by descent, the application was based on a false suggestion of a material fact, so that the surrogate had power to revoke letters issued thereon.

Appeal from Surrogate's Court, Richmond County.

Application by William Rathyen to revoke letters of administration with the will annexed issued to John H. Smith and another on the goods, chattels, and credits of John Rathyen, deceased. From a surrogate's decree granting such application, the administrators appeal. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, HOOKER, GAYNOR, and MILLER, JJ.

S. F. Rawson, for appellants.

Frederick W. Clifford (Henry H. Sawyer, on the brief), for respondent.

JENKS, J. The appeal is from a decree of the Surrogate's Court of Richmond county, revoking letters c. t. a. issued upon the estate of John Rathyen, upon the ground that they were obtained upon the false suggestion to the surrogate that there remained unadministered certain personal property to the value of $4,000. Rathyen died in 1889, testate. He gave the estate to his widow for her life. After devise of certain specific realty subject to said life estate, he directed that:

"Upon the death of my said wife all the rest, residue, and remainder of my property be sold and converted into money, and that the proceeds of such sales be divided equally among my three children, John Fred'k Rathyen, Henry Rathyen, and Annie Smith; and I hereby give and bequeath the same to them."

He appointed as executors his wife and his children John and Anna. The findings, unexcepted to, establish the following facts. Three

101 N.Y.S.—19

children, John, Anna, and Henry, survived the testator. John and Anna received letters testamentary and qualified. Henry died on March 30, 1898, intestate, leaving no widow, and leaving as his only heirs and next of kin his mother, his brother John, and his sister Anna. The widow died on November 9, 1898, intestate, leaving as her only heirs and next of kin John and Anna. Anna died in 1900, and John in 1904. Certain realty of the testator was not sold by the said executors John and Anna, but was held by them intact until they died, and has not been sold or otherwise disposed of since. On January 31, 1905, the letters c. t. a. were issued to Smith, a son of Anna, and to Sharrett, who qualified and are acting. The ground of the petition for the letters was that:

"The imperative power of sale in the testator's will not having been exercised by the executors at the time of the widow's death or at any time, the estate was unadministered to that extent."

Then, under exception, it was found that there was no property of the deceased left unadministered, and that the letters c. t. a. were obtained from the surrogate by "false suggestion to him of the material fact that there remained unadministered certain personal property of the said John Rathyen, deceased, of the aforesaid value of $4,000."

The interest of Henry, upon the death of his mother (his only other heir and next of kin, save John and Anna) intestate and leaving John and Anna as her sole heirs and next of kin, vested in John and Anna, not as donees of the power, but absolutely or in fee. Hetzel v. Barber, 69 N. Y. 1–7. John and Anna were entitled to the other thirds, respectively, absolutely or in fee. I think, then, that the beneficial power of sale in them was merged in their fee. Jennings v. Conboy, 73 N. Y. 230, 237; Hetzel v. Barber, supra; Reeves' Real Property, § 652; Fowler's Real Property, p. 390.

In Forman v. Marsh, 11 N. Y. 544–549, the court says.

"It is a general rule that, where equity impresses a different quality upon property from that which it has in fact, such impression ceases whenever the possession of the estate and the right to it, in each quality, meet in the same person; that is, when there is no other person than the one who has the actual possession, who has an equitable interest in retaining the fictitious character of the estate. Thus, when real uses have been impressed upon personal property and the personal fund and the uses come together in the same person, the uses are considered as discharged and merged; for there is no person to call for their application. Pultney v. Darlington, 1 Bro. C. C. 223; Wheldale v. Patridge, 8 Ves. 228; Rashleigh v. Master, 1 Ves. Jr. 201; Leigh & Dalzell on Eq. Cas. 174."

I think, then, that the omission to execute this beneficial power of sale did not render the estate unadministered.

I think that there was a false suggestion of a material fact made to the surrogate, within the intendment of the statute. The petition does not contain any statement that was affirmatively false, but it omitted material facts which would have made it apparent to the surrogate that, in view of the deaths, successions, and the identity of the donees, executors, beneficiaries, heirs, or next of kin, the power of sale had been absorbed as matter of law. It is the falseness of the suggestion alone that moves the court to revocation, in that there was no ground

for its act; and hence it is immaterial whether the petitioner moved in honest mistaking or with evil intent.  Kerr v. Kerr, 41 N. Y. 272–276.

As the surrogate had the power to determine the truth or falsity of the allegations of the petition, I think that, incidental to such power, he had power to determine the questions of fact and of law whether under the will and the circumstances the estate was unadministered. Kerr v. Kerr, 41 N. Y. 277.

I advise affirmance of the decree, without costs.  All concur.