(118 App. Div. 320)

BUSHE et al. v. WRIGHT et al.

(Supreme Court, Appellate Division, First Department. March 22, 1907.)

1. EXECUTORS—ACCOUNTING—PERSONS ENTITLED TO REQUIRE—WIDOW OF SON OF TESTATOR—DESCENT AND DISTRIBUTION.

The claim of a husband for an accounting against the executors of his father's estate passes to his personal representatives for the benefit of his estate, and his widow, either individually or as legatee or devisee, has no interest which can be protected in proceedings by the executors of the father's estate for a settlement of their accounts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 1975–1980.]

2. SAME—JURISDICTION.

The Supreme Court and Surrogate's Court have concurrent jurisdiction to compel executors to account; but the Surrogate's Court is the appropriate tribunal therefor, and the Supreme Court will ordinarily exercise its jurisdiction only where the Surrogate's Court has not full jurisdiction to decide all questions involved. Where conflicting claims as to real estate are involved, the action is properly brought in the Supreme Court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 2002–2013.]

3. SAME—ISSUES—SETTLEMENT OF OTHER ESTATE.

In an action by an executor to settle his accounts, the executrix of the estate of testator's son cannot compel the adjustment of the son's interest in an estate of which the father was executor at the time of his death; Code Civ. Proc. § 2606, providing another remedy, by giving the right to the successor of a deceased executor to compel the personal representatives of the deceased executor to account, and there being no sufficient evidence that can be considered that the executor and the executrix are the only

persons interested in the estate of which the father was executor, and there being a defect of parties, no administrator having been appointed to succeed the father as executor.

**4. REFERENCE—REPORT—FINDINGS—MAKING AND FORM.**

Where findings of a referee are not contained in his report, they cannot be considered by the court.

**5. EXECUTORS—ACCOUNTING—PROCEEDINGS—LIMITATIONS.**

If a person interested in the administration of an estate has a right to an accounting by the executor of the estate's deceased executor, it accrues on the appointment of the latter executor, and, where he was appointed January 25, 1892, the service of an answer, setting out such interest by way of counterclaim December 2, 1903, in an action by the second executor to settle his accounts, is too late, as the period of limitation is 10 years.

Appeal from Judgment on Report of Referee.

Action by Eugene L. Bushe and others against Mary E. Wright and others. Judgment for plaintiff, and defendant Helen M. Bedford appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Julius H. Mayor (O. J. Wells, on the brief), for appellant.

Franklin W. M. Cutcheon (Morgan M. Mann, on the brief), for respondents Eugene L. Bushe and others.

Frederic R. Coudert (Howard Thayer Kingsbury, on the brief), for respondents Zerega, Gallagher, Blanchard, and Martinot.

Tompkins McIlvaine (Joseph Potts, on the brief), for respondent Wright.

LAUGHLIN, J. Frederick Bedford died on the 28th day of December, 1891, leaving a last will and testament, which was duly admitted to probate on the 25th day of January, 1892, by the Surrogate's Court of the County of New York, as a will of real and personal property. He appointed his brother Gunning S. Bedford and his friend Eugene L. Bushe executors of his will and trustees of the trusts thereby created. The executors qualified and entered upon their duties, and continued in the discharge thereof without having accounted, until the death of Gunning S. Bedford on the 29th day of October, 1893. No successor to Gunning S. Bedford as executor was appointed, but, on the 29th day of March, 1894, Stephen Fiske was appointed his successor as trustee. This action was brought by Eugene L. Bushe, individually and as surviving executor of said Frederick Bedford, and by him and said Stephen Fiske individually and as trustees under the will, to have their accounts judicially settled, and to obtain a decree providing for a sale of the property in their hands not converted into cash, and for a distribution of the trust funds, and for their discharge.

Frederick Bedford, by his will, after bequeathing legacies aggregating $9,000, bequeathed and devised one quarter of the remainder of his estate to his brother Gunning S. Bedford, and bequeathed and devised the rest, residue, and remainder to his executors and trustees in trust, to receive the rents, issues, and profits, and to apply the net income, so far as necessary, to the maintenance, support, and education of his son, Gunning S. Bedford, Jr., during minority, and thereafter

"to his maintenance and support in a style and manner befitting his station in life," with directions to apply a portion of the net income and profits to the maintenance and support of the wife of his son, in case he should marry, and to their issue, if any; and provided that, upon the death of his son, the executors and trustees should pay over the trust estate, together with any income thereof in their hands, to the issue of his son, if any then living, or their descendants, and, in default thereof, to his brother Gunning S. Bedford, and, in case of his death, then to the heirs of the testator. The will authorized the executors and trustees to convert the real and personal estate into cash, and to reinvest the same in their discretion.

Gunning S. Bedford, Jr., the son of the testator, was born on the 7th day of June, 1871, and survived his father, but died on the 17th day of February, 1903. He left a widow, the appellant, but no children. He also left a will, in and by which he bequeathed and devised all of his estate to his wife, and he appointed her and said Stephen Fiske and Eugene L. Bushe executrix and executors thereof. Neither Fiske nor Bushe accepted the appointment or qualified, but the widow qualified and acted alone. This action was commenced on the 25th day of August, 1903,, and she was made a party defendant both individually and as executrix of her husband's will.

The appellant and her husband had represented to the executors of and trustees under the will of Frederick Bedford that they had a child, the issue of their marriage; but it subsequently developed that this was untrue, and that the representations had been made with a view to obtaining a larger allowance during the continuance of the trust, and the three-fourths of the residuary estate, which would go to such issue in the event of the death of the father. They represented that this child's name was Eugenie Frederica Bedford. A child, whom they adopted and gave that name, died. The plaintiffs, also with a view to obtaining a decree that would be binding upon the heirs at law and next of kin of such child, if she were the issue of the marriage or left heirs-at law or next of kin, made them parties defendant in the title of the action, as follows: "The Unknown Heirs at Law and Next of Kin and Personal Representatives, if Any, of Eugenie Frederica Bedford, so Called, Deceased,"—and caused service upon them under the same description to be made by publication. The plaintiffs' prayer for relief is as follows:

"Wherefore, plaintiffs pray that this court, by its judgment, judicially settle and allow the account of said plaintiff Eugene L. Bushe, as executor with said Gunning S. Bedford, 2d, and of said plaintiff Eugene L. Bushe, as sole surviving executor of the will of said Frederick Bedford, deceased, and the accounts of said plaintiff Eugene L. Bushe as trustee, with said Gunning S. Bedford, 2d, and of the plaintiff Eugene L. Bushe, as sole surviving trustee, and of said plaintiffs Eugene L. Bushe and Stephen Fiske, as trustees under the will of said Frederick Bedford; and approve and confirm all the acts and proceedings of plaintiffs or either of them as executors or executor or trustees or trustee; and fix the commissions and compensations to which each of them is entitled as executor and as trustee; and authorize them to pay from said trust estate all proper charges thereon that may be established herein or otherwise, and, if necessary, authorize plaintiffs, by a sale or sales of property heretofore held by them as such trustees, to realize funds wherefrom to pay and retain such commissions and compensations and to satisfy such charges;

and also construe the said last will and testament of said Frederick Bedford, deceased, and determine the effect thereof with reference to any and all questions that may arise upon such accounting or in this action, concerning the validity, construction, or effect of said will; and that by its said judgment the court adjudge and define the various interests of the parties to this action in said estate and trust fund, and adjudge that each of the defendants hereto be excluded from and enjoined from asserting thereafter any interest whatever in or lien upon the property constituting the fund heretofore held by the plaintiffs as such trustees as aforesaid, or any part thereof, save such interest therein or lien thereon, or some part thereof, as such defendant may be, by said judgment, determined to possess or to be entitled unto; and that plaintiffs may be authorized and decreed to turn over and convey the moneys, real estate, and other property constituting said trust estate unto the person or persons so determined by said judgment to be entitled thereto; and that by its said judgment the court adjudge and define the various interests of the parties to this action in the moneys heretofore collected or that prior to the entry of said judgment may have been received by plaintiffs as income of said trust estate accruing after the death of said Gunning S. Bedford, 3d; and that plaintiffs may be authorized and directed by said judgment to pay over said moneys to the parties so determined to be entitled thereto; and instruct these plaintiffs as to their duties in the premises; and, finally, discharge said plaintiff Eugene L. Bushe of and from all accountability as executor and trustee of the last will and testament of said Frederick Bedford, and both said plaintiffs of and from all accountability as trustees of said will, and likewise grant unto the plaintiffs such other and further relief in the premises as may be just, together with judgment for the costs of this action, and their disbursements therein."

The appellant, both individually and as executrix of her husband's will, served an answer herein December 2d, 1903, in and by which she denies that certain real estate described in the complaint as being the individual property of said Frederick Bedford, her husband's father, was such individual property, or was devised to or is held by the plaintiffs as executor or trustees of his estate; and she therein alleges that said property was purchased by said Frederick Bedford as executor of the estate of M. Amelia Bedford, with funds of that estate; and further alleges that none of the property vested in the plaintiffs as trustees, or could vest in them as trustees, until after an accounting by the plaintiff Bushe as executor.    The appellant, individually and as executrix, further answering the complaint, alleged as a separate defense and counterclaim, among other things, that M. Amelia Bedford was the wife of said Frederick Bedford and the mother of the appellant's husband; that she died on the 14th day of July, 1871, leaving a last will and testament, appointing her husband executor and trustee thereunder and testamentary guardian of her child, should she leave any, and, in case she should leave a child, she devised and bequeathed her residuary estate, one-half to her husband and the other half to him in trust for the child, to receive the rents, issues, and profits and apply the same to the support, maintenance, and education of the child during minority, with remainder over to the child on attaining full age, and to his issue in case of death prior thereto; that the estate of said M. Amelia Bedford consisted of a large amount of personal property and of a seven-sixteenths' interest in real estate devised to her under the will of her former husband, Lucius Chittenden; that, by virtue of a power of sale, the executor of said Lucius Chittenden sold at public auction the real estate in which said M. Amelia Bedford had

an undivided interest, and accounted to said Frederick Bedford, as her executor, for her share in the proceeds, part of which he invested in purchasing from the executor of said Lucius Chittenden a part of the land at Ft. Washington, N. Y., so sold, taking title in his individual name; that said Frederick Bedford never filed an account, nor accounted as executor or trustee under the will of M. Amelia Bedford, and never divided her estate or settled with his son in whole or in part; that Eugene L. Bushe and Gunning S. Bedford, brother to the testator, Frederick Bedford, acted as guardian and in loco Parentis, and as attorneys and advisers for the appellant's husband after his father's death and until he became of age, at which time there was due to him approximately the sum of $150,000 from the estate of his mother, no part of which has been paid; that, on the death of Frederick·Bedford, his executors took possession of the assets of the estate of M. Amelia Bedford and of the land, title to which had been taken in his name as aforesaid, and failed to inform the appellant's husband, who was inexperienced in business, of his rights in the estate of his mother, and he failed to discover the same; that appellant's husband employed said Eugene L. Bushe as his attorney at law and as an agent, and, in view of those relations of trustee and cestui que trust, and of guardian and ward, that existed between them, her husband was guided by his wishes, and also trusted in his uncle, the other executor and trustee of his father's estate, with reference to his property rights; that they professed to be acting in his behalf, but failed to take any proceedings to assert his rights or recover his interests in the estate of his mother, of which they had full knowledge, and that they acted in fraud of his rights, and the fraud was not discovered until after his death; that there is now due to the appellant, in her husband's right, one-half of the residuary estate of M. Amelia Bedford, amounting approximately to the sum of $150,000, with interest thereon from the 14th day of August, 1872; that the only persons now interested in the estate of M. Amelia Bedford are the appellant and Eugene L. Bushe, as sole surviving executor of Frederick Bedford; that the defendants Wright, Gallagher, Zerega, Blanchard, and Martinot have received certain assets and property of the estates of M. Amelia Bedford and of appellant's husband's father and uncle, Gunning S. Bedford, for which they are accountable to said estates, respectively, the exact nature and amount of which cannot be ascertained until the accounts of said respective estates have been settled, and that each of the defendants claim some interest in said real estate purchased by said Frederick Bedford with the funds of the estate of M. Amelia Bedford.

For a second defense and counterclaim, the appellant, individually and as executrix, alleges that said Eugene L. Bushe has received certain property as the agent or attorney of appellant's husband, including the sum of $24,000 received as the proceeds of the sale of certain lands purchased by the appellant's husband's father, as executor and trustee of M. Amelia Bedford, title to which was taken in his name as such executor, and of other assets of the estate of said M. Amelia Bedford, and of said Frederick Bedford, and of appellant's husband's uncle, for which he has not accounted, and that an accounting therefor has been

demanded.    Judgment is demanded for the amount due the appellant's husband from the estate of his mother, and that the same be declared a lien on the lands owned by Frederick Bedford at the time of his death, and that said real estate be sold for the payment thereof; that Eugene L. Bushe, as sole surviving executor of Frederick Bedford, account for the acts of Frederick Bedford as executor and trustee of the estate of M. Amelia Bedford, and for his own acts in relation to the property of her estate, and that said Eugene L. Bushe, individually and as trustee, account to the appellant for all property received by him for the use of appellant's husband, and that all other defendants be barred from any interest in the property or estate of Frederick Bedford, until the amount found due to the estate of M. Amelia Bedford shall be paid, and, in case the estates of Frederick Bedford and of appellant's husband's said uncle should be insufficient to satisfy the amount due the appellant, that the plaintiffs and the other defendants be directed to pay back any money or property they have received from said estates or from the estate of said. M. Amelia Bedford, and that the same be applied in satisfaction of appellant's claim.

I am of the opinion that the counterclaims were properly dismissed. It is not sought to recover damages for fraud.    The allegations of fraud were made evidently with a view to avoid the statute of limitations as a defense to the counterclaims. · The allegations that the appellant and the plaintiff Bushe, as sole surviving executor of Frederick Bedford, are the only persons now interested in the estate of M. Amelia Bedford, are allegations of a legal conclusion, and are inconsistent with other facts alleged.    It is expressly alleged that Frederick Bedford never accounted as executor of or trustee under the will of his wife, M. Amelia Bedford, and that her estate has never been judicially settled.    Whatever rights the appellant has with respect to the matters set forth in the counterclaims, she derives through her husband and in his right against the estate of his mother, M. Amelia Bedford.    She appeals only individually, and it is doubtful whether in that capacity she has any right that could be enforced in any action or proceeding; but certainly she has none that can be enforced in this action.    It is not claimed that her husband left any real estate which descended to her.    He at most had a claim for an accounting, with possibly the right to have part of the amount found due declared a lien on the lands purchased by the deceased executor in his own name individually with trust funds.    Whatever right of action, if any, vested in favor of her husband in the premises, passed to his personal representatives for the benefit of his estate, concerning which concededly there has been no accounting or settlement, and she individually or as a legatee or devisee under his will clearly had no cause of action enforceable in her own right.    Woodin et al. v. Bagley, Ex'r, 13 Wend. 453 ; Squire v. Bugblee, 65 App. Div. 429, 72 N. Y. Supp. 1023; Mount v. Mount, 68 App. Div. 158, 74 N. Y. Supp. 148.    Her husband had a right to have the estate of his mother settled and to obtain his distributive share, if any, after the payment of the debts and specific legacies. This right passed to his executrix, as such, and it did not vest in his legatees or devisees.    The appellant now stands before this court

merely in the right of a legatee or devisee of her husband. By virtue of the provisions of section 2606 of the Code of Civil Procedure, her husband or his executrix could have compelled the executors of Frederick Bedford to account for his acts as executor and trustee under the will of M. Amelia Bedford; but I find no provision of law authorizing even such a proceeding by a legatee or devisee of a legatee or devisee. The appellant, individually, has no better standing to maintain the causes of action embraced in her counterclaims than has a creditor or legatee to maintain an action to recover money owing to the decedent. The affirmance might well rest on this ground alone.

If, however, the appeal could be considered as having been taken both individually and as executrix, I am of opinion that the result would be the same. The Supreme Court and the Surrogate's Court have concurrent jurisdiction to compel executors and trustees to account; but it is well settled that the Surrogate's Court is the appropriate tribunal for such an accounting, and that the Supreme Court will ordinarily exercise its jurisdiction only in special cases where the Surrogate's Court may not have full jurisdiction to decide all questions involved. Borrowe v. Corbin, 31 App. Div. 172, 52 N. Y. Supp. 741; affirmed 165 N. Y. 634, 59 N. E. 1119; Hard v. Ashley, 117 N. Y. 606, 23 N. E. 177; Sanders v. Soutter, 126 N. Y. 193, 27 N. E. 263; Bevan v. Cooper, 72 N. Y. 317; Douglas v. Yost, 64 Hun, 155, 18 N. Y. Supp. 830; Chipman v. Montgomery, 63 N. Y. 235; Haddow v. Lundy, 59 N. Y. 320; Leggett v. Stevens, 77 App. Div. 612, 79 N. Y. Supp. 289.

Here, conflicting claims have arisen, and, the ownership and sale of real estate being involved, the action was properly brought in the Supreme Court. I know of no provision of statutory law, however, or principle of equity jurisprudence, authorizing the court to compel the executors of a deceased executor to bring an action for the judicial settlement of their accounts, to account therein for their testator's acts as executor to a defendant who is the personal representative of a legatee or devisee under the will, and also his legatee and devisee. Where, as here, the estate, concerning which the accounting is sought to be had, has not been settled, it would seem, even if the appellant had brought the action, that no accounting should be had until the estate of M. Amelia Bedford is represented, or at least that the accounting should be had in the interest of and for the benefit of all interested in her estate, and that the money should be paid into court if an administrator of her estate has not been appointed. Unless all claims against her estate are barred by the statute of limitations, I know of no method of judicially determining whether any exist, except by an accounting.

It is clear that, under section 2606 of the Code of Civil Procedure, the successor of the deceased executor could compel the personal representatives of the deceased executor to account. It cannot be that the same cause of action is vested in the appellant and in the successor to the deceased executor when appointed. The allegations of the appellant, and the separate findings made by the referee, that the debts and legacies of M. Amelia Bedford have all been paid, and that

there is no one interested in the estate except the appellant and the executor of Frederick Bedford, deceased, are, I think, of no avail, since it appears, and the referee has found, that no judicial settlement of the accounts of the executor of her estate was ever had, and since it is manifest that the statute of limitations may not yet have run against her creditors or legatees.

Moreover, the finding that the debts of M. Amelia Bedford and her legacies have all been paid, and that the appellant and the executor of Frederick Bedford, deceased, are the only persons now interested in her estate, are not contained in the report, but are embraced in separate findings, and therefore, under the recent decision of this court in Elterman v. Hyman, 102 N. Y. Supp. 613, they cannot be considered. It may be that, if an administrator with the will annexed of M. Amelia Bedford had been appointed, and he had refused on demand to call the executor of the deceased executor to account, either in the Surrogate's Court or by action, the personal representatives of her deceased son, or even his legatee or devisee, might have maintained the action upon alleging these facts; but the administrator with the will annexed would be a necessary party, because the action would ordinarily, at least in the absence of some agreement or facts constituting a waiver or estoppel, such as existed in Hyde v. Stone, 7 Wend. 354, 22 Am. Dec. 582; Segelken v. Meyer, 94 N. Y. 475, and Goodyear v. Bloodgood, 1 Barb. Ch. 617, and do not exist here, only lie in behalf of the administrator with the will annexed, or of a creditor or legatee of the estate in behalf of all others interested in the estate, and not as set up in the counterclaims here, for the exclusive benefit of a single legatee or devisee, or for the legatee or devisee of a legatee or devisee. Woodin et al. v. Bagley, Ex'r, 13 Wend. 453; Beecher v. Grouse, 19 Wend. 306; Jenkins v. Freyer, 4 Paige, 47; Schultz v. Cookingham, 30 Hun, 443; Squire v. Bugbee, 65 App. Div. 429, 72 N. Y. Supp. 1023; Western R. R. Co. v. Nolan et al., 48 N. Y. 513; Matter of Hodgman, 11 App. Div. 344, 42 N. Y. Supp. 1004; Riggs v. Cragg, 89 N. Y. 480; Pritchard v. Hicks, 1 Paige, 270; Cromer v. Pinckney, 3 Barb. Ch. 466; Brown v. Ricketts, 3 Johns. Ch. 553; Gavoue v. Fanning, 4 Johns. Ch. 199; Hallett v. Hallett, 2 Paige, 15; Barbour on Parties (2d Ed.) 522, 728.

Where there is a defect of parties defendant, ordinarily the case will not be dismissed, but an opportunity will be afforded plaintiff, on terms, to bring in the necessary parties. That rule, however, cannot avail the appellant, for it does not apply to a new issue sought to be presented by a defendant in which parties other than those already before the court are interested. The plaintiffs are not in court to account for the acts of their testator as executor of his wife. They merely seek an accounting concerning their own acts as his executor. It appears that certain real property undisposed of by the testator still stands in his name as executor of his wife. The plaintiffs have not attempted to submit that property to the jurisdiction of the court, but the appellant seeks to obtain an adjudication concerning it. These circumstances show the confusion and insuperable obstacles that arise in

any attempt in this action to require the plaintiffs to account for the acts of their testator as executor of his wife's estate.

The defendants who are respondents contend, in effect, that an accounting by the plaintiffs for their testator's acts as executor of his wife's estate is foreign to the action, and should not be required herein. As already observed, the action is brought for a decree settling the accounts of the plaintiffs as representatives of the estate of Frederick Bedford, deceased, and concerning his individual property only. If the appellant has a cause of action against the plaintiffs, or either of them, as the representative of the deceased executor and trustee of M. Amelia Bedford, or for an accounting, she should have instituted a separate action therefor; and, if there was danger that in the meantime some of the property for which she claims they are accountable to the estate of M. Amelia Bedford, or upon which the estate should have a lien on account of the investment of trust funds therein, would be sold or distributed, such sale or distribution might have been enjoined.

We do not deem it necessary upon this appeal to consider the claim that the purchase of real estate by Frederick Bedford with funds belonging to the estate of his wife, and taking title in his own name, constituted a breach of his trust, or the answering argument that, as between him and his son, he made a division of the property which they were entitled to under the will of M. Amelia Bedford, by taking title to part in his own name for himself, and title to part as executor in trust for his son, which trust was attempted to be carried out subsequently by the Wright trust deed, and that there was a ratification of the devise of the property by the appellant's husband after he attained his majority. It is evident that the husband of the appellant had no interest in the property the title to which his father took in his own name individually, except to follow the trust funds to satisfy any interest that it might appear on an accounting that he had in the estate of his mother. An accounting first is essential to determine his interest, and that is the basic relief demanded by appellant in her answer; the other relief demanded being dependent thereon.

At common law, the rule was that the personal representatives of a deceased executor or administrator could not be called to account by his successor for any property which he had misapplied or converted; but that rule was based on the theory that such property had been administered, and that the right of action passed to the creditors, legatees, or distributees. Beall v. New Mexico, 83 U. S. 535, 21 L. Ed. 292; Rowan v. Kirkpatrick, 14 Ill. 1; Marsh v. People, 15 Ill. 284; Yale v. Baker, 2 Hun, 468; Young v. Kimball, 8 Blackf. (Ind.) 167. See, also, Trustees of Theological Seminary v. Kellogg, 16 N. Y. 83, and Goodyear v. Bloodgood, supra. This rule of the common law, however, no longer prevails in this state, for, by section 2606 of the Code of Civil Procedure, jurisdiction is conferred upon the surrogate, where an executor, administrator, or trustee dies, on the petition of his successor, to compel the executor or administrator of the deceased executor or administrator to account as if the decedent had lived and his letters had been revoked, and a proceeding for an

accounting had been instituted against him. Matter of Rogers, 153 N. Y. 316, 47 N. E. 589; Matter of Wiley, 119 N. Y. 642, 23 N. E. 1054. Although the surrogate might, under this section, require the accounting at the instance of a creditor before the successor to the deceased executor was appointed, yet the funds, instead of being paid to a creditor or legatee instituting the accounting proceeding, should be paid to the successor to the deceased executor, or into court, or to some person authorized by law to receive the same, which does not mean a mere creditor or legatee. Code Civ. Proc. §§ 2606, 2603; Matter of Moehring, 154 N. Y. 423, 48 N. E. 818; Mount v. Mount, 68 App. Div. 144, 74 N. Y. Supp. 148; Squire v. Bagley, supra; Matter of Irvin, 68 App. Div. 158, 74 N. Y. Supp. 443; Matter of Wood, 34 Misc. Rep. 209, 69 N. Y. Supp. 491; Matter of Hicks, 54 App. Div. 582, 66 N. Y. Supp. 1028, reversed on other grounds, 170 N. Y. 195, 63 N. E. 276; Jessup on Surrogate's Practice, vol. 1, p. 780.

If, however, the appellant individually has a standing to assert the counterclaims, or the notice of appeal be deemed sufficient to present the rights of her deceased husband's estate, and if the counterclaims are properly pleaded, and their validity may be decided in this action, still I am of opinion that the statute of limitations is a bar thereto. Her husband's right to an accounting, if any he had against the personal representatives of the deceased executor, accrued the moment they were appointed, which was on the 25th day of January, 1892. Matter of Wiley, 119 N. Y. 642, 23 N. E. 1054; Matter of Clarke, 119 N. Y. 427, 23 N. E. 1052. The cause of action against the personal representatives of Frederick Bedford, to require them to account for his acts as executor of M. Amelia Bedford, is independent of any cause of action that existed against their testator in his lifetime, and it accrued the instant they were appointed and qualified as his personal representatives. The appellant's husband could have at once, upon their appointment, petitioned the surrogate to require them to account, and, if the facts warranted, he could have brought an action in the Supreme Court for like relief instead. The statute of limitations applicable to such an action is 10 years from the time it accrues. Matter of Rogers, 153 N. Y. 316, 47 N. E. 589. In the case at bar, however, this is changed somewhat by the infancy of her husband. He became of age on the 7th day of June, 1892, and the 10-year period of limitation, which had been suspended by his infancy until that time, then commenced to run, and the 10 years expired before his death, which occurred on the 17th day of February, 1903. The answer containing the counterclaim was served on the 2d day of December, 1903, thereafter. For the purpose of the statute of limitations with respect to the counterclaims, the service of the answer is deemed the commencement of the action on the counterclaims, and consequently the action was barred before the answer was served.

It follows, therefore, that the judgment should be affirmed, with costs.

PATTERSON, P. J., and INGRAHAM and SCOTT, JJ., concur. CLARKE, J., concurs in result.