---

### In re BEDFORD'S WILL.

(Supreme Court, Appellate Division, First Department. March 5, 1909.)

1. EXECUTORS AND ADMINISTRATORS (§ 37*)—UNADMINISTERED ASSETS.

There is no propriety in granting letters of administration with the will annexed unless it appears there are unadministered assets.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 37.*]

2. EXECUTORS AND ADMINISTRATORS (§ 37*)—APPOINTMENT.

Code Civ. Proc. § 2643, provides that a creditor of decedent, as a person interested in the estate, may petition for the appointment of an administrator with the will annexed. Held, that it was error for the surrogate to accept the allegations of a petition—which were denied by answer—as proof of the facts authorizing an appointment, but he should have taken evidence.

[Ed. Note.—For other cases, see Executors and Administrators, Dec. Dig. § 37.*]

Appeal from Surrogate's Court, New York County.

Separate appeals by Eugene L. Bushe, as sole surviving executor of Frederick Bedford, deceased, and by certain others claiming under his will, from a decree of the Surrogate's Court of New York County, granting letters of administration with the will annexed upon the estate of M. Amelia Bedford, deceased, whereof Frederick Bedford, deceased, was the sole surviving executor. Order reversed.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

F. W. M. Cutcheon (H. T. Kingsbury, T. McIlvaine, and A. L. Humes, on the brief), for appellants.

H. H. Snedeker, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LAUGHLIN, J.   The respondent,. F. De Witt Wells, presented a petition to the Surrogate's Court, setting forth that Frederick Bedford at the time of his death was the surviving executor of M. Amelia Bedford, deceased, and that there were in his possession as such executor certain unadministered assets belonging to her estate for which he never accounted, and which upon his death came into and are still in the hands of his executor, and that the petitioner, as administrator with the will annexed of Gunning S. Bedford, 3d, a son of M. Amelia Bedford, who was interested in her estate, was a creditor of her estate and entitled to letters of administration thereon for the purpose of requiring the executor of Frederick Bedford, deceased, to account for such unadministered assets.   The appellants filed answers on the return of the citation, denying that there were any unadministered assets of the estate of M. Amelia Bedford in the possession of Frederick Bedford at the time of his death or that came into the hands of his executor, and denying that there were any creditors of her estate, and alleging that her estate had long since been settled, and that the petitioner was not a creditor or entitled to institute the proceeding and referred to the judgments entered in three certain actions brought in the Supreme Court, county of New York, to which the appellants and the petitioner's predecessor, the executor of Gunning S. Bedford, 3d, were parties, whereby it had been adjudicated that the petitioner's said predecessor had no right, title, or interest in the estate of M. Amelia Bedford, which came into the hands of the executors of Frederick Bedford, deceased, either as a creditor, or as a person otherwise interested in the estate, and alleging the statute of limitations as a bar to the proceeding.

We are of opinion that the learned surrogate erred in accepting the allegations of the petition, which were thus put in issue, as proof of the facts both that there were unadministered assets and that the petitioner was entitled to institute the proceeding.   The learned surrogate cited as authority for accepting the allegations of the petition, although denied, as satisfactory proof of the facts, the case of Pumpelly et al. v. Tinkham, 23 Barb. 321.   We are of opinion that that decision is not authority for the course taken.   There the allegations of a verified petition were deemed sufficient; but it does not appear that they were put in issue.   In Matter of Dittrich, 120 App. Div. 504, 105 N. Y. Supp. 303, which was a proceeding to remove an executor, an answer to the petition was filed, putting in issue material allegations thereof, and it was held that the surrogate could not accept the petition and make an order removing the executor, but that he should have taken proof of the facts, and have made a decision embracing findings of fact as the basis for a decree removing him.   There is no propriety in granting letters of administration with the will annexed—especially after a great lapse of time as in the case at bar—unless it appears that there are unadministered assets (Fowler v. Walter, 1 Dem. Sur. 240; Van Giesen v. Bridgford, 18 Hun, 73, affirmed 83 N. Y. 348; Matter of Losee, 119 App. Div. 107, 94 N. Y. Supp. 1082, 104 N. Y. Supp. 1132),

and it is a statutory condition precedent to the right of a party to institute the proceeding that he be "a creditor of the decedent, or a person interested in the estate of the decedent, or having a lien upon any real property upon which the decedent's estate has a lien." Code Civ. Proc. § 2643. Of course, such an application should not be denied merely on the theory that the statute of limitations might prevent the recovery of assets, for that would have to be pleaded as a defense in an action brought by the representative of the estate in order to bar the right of recovery, and it might not then be taken advantage of. It being the duty of the surrogate, however, to refrain from issuing the letters if there were no assets left unadministered, and it being jurisdictional that the proceeding be instituted by a party authorized to institute it, those were questions which the surrogate has authority to decide. Matter of Rathyen, 115 App. Div. 644, 101 N. Y. Supp. 289. The right of the petitioner to institute the proceeding being properly challenged by putting in issue the material allegations in that regard, the surrogate should have taken evidence and have made a decision upon that question, and, if he found in favor of the petitioner, then upon the further question as to whether there were any unadministered assets. In view of the decisions of this court in Bushe v. Wright, 118 App. Div. 320, 368, 909, 103 N. Y. Supp. 410, to which the answers referred, it is extremely doubtful whether the petitioner has any standing to institute the proceeding, but that question need not now be decided by this court. The observations made in the opinion in Bushe v. Wright, supra, with respect to the finding in that case that the legacies given by the will of M. Amelia Bedford had been paid and that all of the debts of her estate had been paid, do not sustain the right of the petitioner to institute this proceeding. That finding was not contained in the decision, and it was supposed on the authority of Elterman v. Hymen, 117 App. Div. 519, 102 N. Y. Supp. 613, which has since been overruled by the Court of Appeals (Bremer v. Manhattan Ry. Co., 191 N. Y. 333, 339, 84 N. E. 59), that, therefore, it could not be considered. It was not, however, eliminated from the record, and since it forms part of the judgment roll, according to the subsequent decision of the Court of Appeals, while it stands it would probably be binding upon the parties to the action, of which, as already observed, the petitioner's predecessor was one.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and the matter remitted to the Surrogate's Court for further proceedings as herein indicated. All concur.